1  JEAN MURRELL ADAMS, Bar No. CA 138458
   LAURETTE M. GARCIA, Bar No. CA 242107
2  ADAMS ESQ, a Professional Corp.
   449 Fifteenth Street, Suite 101
3  Oakland, California 94612
   Telephone: (510) 832-6000
4  Facsimile: (510) 832-3099

5  Attorneys for Plaintiff,
   KEISHA HAWKINS

6

7

8                     UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  KEISHA HAWKINS,                        Case No.: Not yet assigned

12              Plaintiff,                  C07-04206

13  v.                                      COMPLAINT IN SUPPORT OF
                                            APPEAL OF DECISION OF
14  BERKELEY UNIFIED SCHOOL DISTRICT,       CALIFORNIA OFFICE OF
    and DOES 1-20                           ADMINISTRATIVE HEARING UNDER
15                                          20 U.S.C. §1415(i)(2); 28 U.S.C.S. §1331
                Defendants.
16

17

18       NOW COMES Plaintiff KEISHA HAWKINS ("Hawkins"), by her attorney, ADAMS ESQ,

19  a Professional Corporation and for a complaint against Defendants Berkeley Unified School

20  District ("District") and Does 1—20, hereby alleges as follows:

21              1.      This civil action is brought pursuant to the provisions of 20 U.S.C. §1400 et

22  seq., more commonly known as the Reauthorized "Individuals with Disabilities Education Act"

23  ("IDEA"). This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 in that

24  it arises under the IDEA. Moreover, Section 1415(i)(2) of Title 20 of the United States Code

25  expressly vests this Court with jurisdiction over this action.

26              2.      Venue in this Court is proper under 28 U.S.C. § 1391(b) because Defendants

27  are located in this judicial district and a substantial part of the events or omission giving rise to the

28  claims occurred in this judicial district.

ADAMS ESQ
a Professional Corporation
449 Fifteenth Street
Suite 101
Oakland, CA 94612
510.832.6000

                                    -1-
                                 COMPLAINT

3.     This Complaint is timely filed within ninety (90) days of the receipt by the Student, of the final written decision ("Decision") issued on May 18, 2007, by the Office of Administrative Hearings ("OAH") in the due process proceeding of *D.S. v. Berkeley Unified School District*, OAH Case No. N2006110033 as required by section 56505(k) of the California Education Code and 20 United States Code Section 1415(i)(2).

## THE PARTIES

4.     Plaintiff Hawkins, is the mother of D.S., a minor child ("D.S." or "Student") (DOB: 12/26/1993) who resides with Hawkins in Berkeley, California, which is located within the boundaries of the District. D.S. is a student who was identified as an individual with disabilities within the meaning of that term under 20 U.S.C. §1401(3) and as a child with exceptional needs within the meaning of that term under section 56026 of the California Education Code and, therefore, has been entitled to receive special education services from the District. Hawkins is named as a plaintiff herein pursuant to the Supreme Court's decision in *Winkelman v. Parma City School District*, 127 S.Ct. 1994 (2007), in which the Court held that the IDEA does not differentiate….between the rights accorded to children and the rights accorded to parent [and] as a consequence, a parent may be a "party aggrieved" for purposes of §1415(i)(2) regarding "any matter" implicating these rights.

5.     Defendant District is a public school district duly organized and existing under the laws of the State of California and is located within Alameda County.

6.     Plaintiff is ignorant to the true name and capacities of those Defendants named as "DOES 1-20". Plaintiff will amend this complaint to allege the true name and capacities of said Doe Defendants when they become known.

## FACTS

7.     D.S. is thirteen years old and became eligible for special education as a student with a Speech and Language Impairment ("SLI") during the Fall of 2003 while in fourth grade. His initial speech and language evaluation noted that he had a significant language disorder and recommended speech and language services. He has been diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD") and continues to have difficulty remaining focused and on-task.

-2-

ADAMS ESQ
A PROFESSIONAL CORPORATION
449 FIFTEENTH STREET
Suite 101
Oakland, CA 94612
510.832.5000

8. His initial IEP was held on 9/30/03, and he was placed in a special day class ("SDC") for communicatively handicapped children. This placement was taught by Cheryl Marsh who is a licensed speech therapist and has worked with the District for several years.

9. Marsh provided D.S. with speech and language services in the SDC located in a self-contained classroom on the Cragmont Elementary School ("Cragmont") campus. This self-contained classroom for the communicatively handicapped was subsequently renamed the "Learning Center."

10. Student's most recent IEP meeting was conducted at Cragmont on 9/29/05 during his fifth grade year. The IEP team placed D.S. in the SDC/Learning Center for at least 45-90 minutes or 39% and in general education at most 70%. It is undisputed that the SDC/Learning Center was language based and included daily speech and language services provided by Marsh and most of Student's goals focused on language processing. In addition to the speech and language and the academic support provided in the SDC/Learning Center, an instructional assistant accompanied Student to his music and regular education classes in order to keep him focused and on-task.

11. D.S. spent at least 45-90 minutes in the learning center each morning working on subjects he needed extra help with; he also came to the SDC/Learning Center late in the day. Marsh worked 1:1 with D.S. in the areas of Language Arts and Math. D.S. spent about 1.5 – 2 hours in the SDC/Learning Center daily. The 9/29/05 IEP placement was designed to maximize D.S.' access to speech and language services. Pursuant to the 9/29/05 IEP, D.S.' progress was monitored by way of standard report cards and quarterly progress notes relating to his IEP goals and objectives.

12. The 9/29/05 IEP did not provide for RSP services and nowhere does that placement or service appear in that IEP.

13. Hawkins received a notice prior to the beginning of the 2006/2007 school year, indicating that D.S. would be placed in Ms. Wihr's class for sixth grade. Hawkins enrolled Student at King on or about August 29, 2006, and at that time, he was placed in Ms. Wihr's special day class.

ADAMS ESQ.
A PROFESSIONAL CORPORATION
442 SIXTEENTH STREET
SUITE 103
OAKLAND, CA 94612
510.832.1000

14.    Between August 29 and August 31, 2006, certain District personnel began to believe that Student's SDC placement was improper. Multiple communications regarding Student's appropriate placement ensued between sixth grade RSP teacher Susan Ryan, sixth grade Vice Principal Doreen Sing, and special education program supervisor Donald Klose. Instead of involving Hawkins in this decision-making process, Ryan, Klose and Sing moved Student into a regular education classroom allegedly with limited RSP "push-in" support without Hawkins' prior knowledge or consent.

15.    Hawkins first became aware of the unilateral change of placement several weeks later on 9/13/06 when she went to school for a separate incident. When Hawkins went to Ms. Wihr's classroom looking for Student, she was informed that he had been moved. Hawkins then went to the Principal's office and Vice Principal Sing gave Hawkins Student's new class schedule which contained only regular education classes. Handwritten on the new schedule is the statement "Moved from SDC to Reg Ed." The class schedule did not give any indication that Student would be receiving RSP or any other special education supports.

16.    The District purportedly provided Student with RSP services within the regular education class. However, RSP services did not include any speech and language services and there were no progress reports provided to Hawkins as required by his 9/29/05 IEP.

17.    Student's annual/triennial IEP meeting was due no later than 9/29/06; however, no such IEP meeting occurred on or about that date. In fact, except for one achievement test, no triennial assessments had commenced as of 9/29/06. The requisite psychological educational evaluation ("psycho-ed") was not completed until after 11/7/06 and the speech and language evaluation was not completed until sometime in October, 2006. The District made no attempt to schedule Student's annual/triennial IEP meeting until after Hawkins filed a request for due process hearing on 11/1/06. Then, on 11/2/06, Ryan telephoned Hawkins to schedule an IEP meeting on 11/13/06. However, the District never sent Hawkins prior written notice regarding the 11/13/06 IEP meeting and the District ultimately cancelled that meeting.

18.    On October 5, 2006, Hawkins requested all of Student's records from the District. Rather than produce all records as Hawkins had requested, the District queried Hawkins as

-4-
COMPLAINT

1  to the purpose of her request and then provided limited documents that *the District* believed

2  Hawkins needed.

3      19.   On October 20, 2006, Petitioner's legal counsel requested records from the

4  District. Again, the District failed to produce all of Student's records.

5      20.   In a November 2006 internal email to her superior Don Klose, school

6  psychologist Amy Rosenbaum inquired as to the whereabouts of Student's "change in placement

7  IEP." In fact, the District had failed to convene such an IEP and failed to allow Parent, Student's

8  SDC teacher, any general education teacher, a speech pathologist or the school psychologist to

9  participate in the decision to change his placement.

10     21.   Pursuant to a Mediation between the District and Parent on or about

11  February 1, 2007, Student was placed in a SDC class and was provided with speech and language

12  therapy once per week.

13     22.   Between the beginning of the school year and February 2007, Student lost

14  educational benefit as evidenced by his disciplinary problems and his barely passing grades. His

15  grades immediately improved upon being placed in the SDC class and receiving speech and

16  language interventions.

17              **PROCEDURAL HISTORY**

18     23.   On or about November 1, 2006, Hawkins requested a due process hearing,

19  on behalf of D.S., before the OAH, alleging *inter alia*, the District: (i) denied Student a FAPE by

20  failing to conduct an annual and triennial IEP meeting; (ii) denied Student a FAPE by failing to

21  provide a program designed to meet his unique needs and provide him with educational benefit; (iii)

22  denied Student a FAPE by failing to permit Hawkins to inspect and review all of Student's records;

23  (iv) violated Hawkins's procedural rights by failing to provide Hawkins with prior written notices.

24     24.   An administrative matter was opened by the OAH entitled *D.S. v. Berkeley*

25  *Unified School District*, OAH Case No. N2006110033.

26     25.   OAH scheduled the hearing for December 26, 2006; however, the parties

27  agreed to continue the hearing to April 2, 2007.

28

ADAMS ESQ
A PROFESSIONAL CORPORATION
409 THIRTEENTH STREET
Suite 101
Oakland, CA 94612
510.832.6000

-5-
COMPLAINT

26.     In accordance with the procedures provided by 20 U.S.C.§1415 and section 56000 et seq. of the California Education Code, the OAH conducted a hearing over four (4) days on April 2, 3, 4, and 11, 2007.  On May 18 2007, the OAH rendered a decision which contained, *inter alia,* the following findings:

a.     The District violated Student's right to a FAPE by failing to conduct Student's annual IEP meeting by September 29, 2006, and for the six-week delay until the District initially scheduled the Student's IEP team meeting on November 13, 2006 (Decision at p. 14)

b.     The District's movement of Student from the SDC to a GE classroom with Resource support did not constitute a change in placement. (Decision at p. 14)

c.     The District's placement was reasonably calculated to provide some educational benefit, and was designed to meet Student's unique needs in the areas of reading comprehension and math problem solving, due to a significant language impairment or auditory processing disorder, both expressive and receptive, as well as attention issues and was therefore appropriate except for the lack of speech and language therapy. (Decision at p. 14)

d.     The District violated Student's right to a FAPE by failing to provide speech and language therapy form the start of the 2006-2007 school year on August, 31, 2006 until November 13, 2006, when it was ready to conduct an IEP team meeting.  This constituted a denial of FAPE to Student for a period of approximately 11 weeks.  The District was ordered to provide Student with 22 hours of compensatory individual speech and language therapy to remedy this violation of Student's right to FAPE. (Decision at p. 15)

e.     The District's production of Student's records to Hawkins or Hawkins's attorney, or the lack thereof, was not a meaningful procedural violation because it did not in any way affect Student's placement or Hawkins's opportunity to participate in the decision-making process. (Decision at p. 15)

f.     The District's movement of Student from the SDC to a GE classroom with Resource support was not a change in placement requiring prior written notice. Decision at p. 15)

g.     The District is only responsible for failing to hold an IEP from

ADAMS ESQ
A Professional Corporation
489 Federation Street
Suite 101
Oakland, CA 94612
510.832.6000

1  September 29, 2006, to November 13, 2006. (Decision at p. 15)

2          h.      The District is only responsible for failing to provide speech and

3  language therapy during the 11 weeks between the beginning of the 2006-2007 school on August

4  31, 2006 and November 13, 2006.

5          27.     Hawkins has fulfilled her obligation to exhaust her administrative remedies

6  under 20 U.S.C. §1415(i) by reason of having participated in due process proceedings as evidenced

7  by the issuance of the Decision by the OAH.

8

9                            **GENERAL ALLEGATIONS**

10         28.     The District denied Student a FAPE by moving him from a special day class

11  to a general education classroom, allegedly with RSP support, without parental knowledge or

12  consent.

13         29.     The District failed to provide Student with a program and services adequate

14  to meet his unique needs when it failed to provide a program that conformed to the 9/29/05 IEP.

15         30.     The District's failure to provide Student's complete educational records to

16  Hawkins in a timely fashion infringed on her right to meaningfully participate in the decision

17  making process thus denying Student a FAPE.

18         31.     The District denied Student a FAPE by failing to provide Hawkins prior

19  written notices regarding its:

20              a.      change of Student's placement from a special day classroom to a

21                      regular education classroom;

22              b.      failure to hold Student's annual and triennial IEP meeting on or

23                      before its 9/29/06 due date;

24              c.      failure to provide Student with speech and language services.

25  32. The Decision should be reversed because, *inter alia*, the ALJ:

26              a.      Erred to the extent that he concluded that the District had no

27  obligation to provide Hawkins with prior written notice when it moved Student from a SDC to a

28  GE classroom with Resource.

ADAMS ESQ
A PROFESSIONAL CORPORATION
449 Fifteenth Street
Suite 101
Oakland, CA 94612
510.832.6000

1              b.     Erred in concluding that District's placement was reasonably

2    calculated to provide some educational benefit, and was designed to meet Student's unique needs

3    in the areas of reading comprehension and math problem solving, due to a significant language

4    impairment or auditory processing disorder, both expressive and receptive, as well as attention

5    issues and was therefore appropriate except for the lack of SLT.

6              c.     Erred in concluding that the District's production of Student's

7    records to Hawkins or Hawkins's attorney, or the lack thereof, was not a meaningful procedural

8    violation because it did not in any way affect Student's placement or Hawkins's opportunity to

9    participate in the decision-making process.

10             d.     Erred to the extent that he concluded that the District was the

11   prevailing party regarding issue 5 while at the same time acknowledging (i) that the District failed

12   to hold Student's annual IEP on or before September 29, 2006 and (ii) failed to provide speech and

13   language therapy during the first 11 weeks of the 2006/2007 school year.

14             e.     Erred in denying compensatory education in excess of 22 hours of

15   direct SLT to Student given the evidentiary record; and

16             f.     Erred in denying reimbursement to Student given the evidentiary

17   record.

18        33.     As the aggrieved party under the OAH Due Process Hearing Decision,

19   Plaintiff appeals the administrative decision as to the issues presented as well as other matters and

20   issues raised and determined against Plaintiff.

21        34.     Plaintiff incurred attorneys' fees and costs in the approximate amount of

22   $40,000 in the underlying administrative proceeding. Plaintiffs will seek leave of court to amend

23   according to proof at a later date.

24        35.     The hourly rates claimed by counsel for Plaintiff for the underlying

25   administrative proceeding is reasonable and consistent with prevailing rates charged by other

26   counsel in the areas for the same and similar fields of law and the experience and expertise of

27   counsel. The type of work and number of hours of work performed was reasonable under the

28   circumstances of the case.

-8-

COMPLAINT

ADAMS ESQ
A PROFESSIONAL CORPORATION
449 FIFTEENTH STREET
SUITE 101
OAKLAND, CA 94612
510.832.6090

## PRAYER FOR RELIEF

WHEREFORE based upon the foregoing, Plaintiff respectfully prays that this court receive the records of the administrative proceedings and, based upon the forgoing, and after its consideration of the arguments of counsel, enter judgment in favor of Plaintiff as follows:

    1.  The District shall fund independent assessments in all areas of suspected disability, including but not limited to a psycho-educational assessment, DIS counseling, occupational therapy, and assistive technology assessments;

    2.  The District shall convene an IEP with appropriate notice to Parent, which shall include a behavior support plan to address his attention issues related to his ADHD;

    3.  The Student will be awarded compensatory education and services, including but not limited to speech and language therapy and one-to-one tutoring;

    4.  The Plaintiff be awarded attorney's fees and costs, pursuant to 20 U.S.C. Section 1415, for the underlying hearing, incurred in connection with the filing and prosecution of this action, according to proof; and

    5.  For any further relief that this Court deems just and proper.

Respectfully submitted,

Dated: August 16, 2007

ADAMS ESQ

JEAN MURRELL ADAMS
Attorneys for Plaintiff,
Keisha Hawkins

ADAMS ESQ
A PROFESSIONAL CORPORATION
643 Freeway Street
SUITE 100
Oakland, CA 94612
510.394.8000

-9-
COMPLAINT