ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Corporation
PETER STURGES, State Bar No. 148124
DIANE B. ROLEN, State Bar No. 153566
5776 Stoneridge Mall Road, Suite 200
Pleasanton, California 94588
Telephone: (925) 227-9200
Facsimile: (925) 227-9202

Attorneys for Defendant BERKELEY UNIFIED
SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEISHA HAWKINS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BERKELEY UNIFIED SCHOOL DISTRICT,<br>et al,<br><br>　　　　Defendant.<br><br>BERKELEY UNIFIED SCHOOL DISTRICT,<br>et al,<br><br>Counter-Claimant,<br><br>vs.<br><br>ADAMS ESQ, A PROFESSIONAL<br>CORPORATION, JEAN MURRELL<br>ADAMS, and DOES 1-20<br><br>Counter-Defendant. | CASE NO.:　　CO7-CV-04206-EMC<br><br>**ANSWER TO COMPLAINT AND COUNTERCLAIM FOR ATTORNEYS' FEES**<br><br>JUDGE:　　Edward M. Chen<br>DATE:　　November 21, 2007<br>TIME:　　1:30 P.M.<br>DEPT:　　Courtroom C, 15th Floor |

## ANSWER TO COMPLAINT

BERKELEY UNIFIED SCHOOL DISTRICT by and through its undersigned attorneys hereby files this Answer to Complaint in Support of Appeal of Decision of California Office of

Administrative Hearing Under 20 U.S.C. Section 1415(I)(2); 28 U.S.C.S. Section 1331; and its Counterclaim for Attorneys' Fees against Adams Esq., a Professional Corporation and Jean Murrell Adams, and hereby states and alleges as follows:

1. In answer to Paragraph 1 of the Complaint, Defendant admits the allegations contained therein.

2. In answer to Paragraph 2 of the Complaint, Defendant admits the allegations contained therein.

3. In answer to Paragraph 3 of the Complaint, Defendant admits the allegations contained therein.

4. In answer to Paragraph 4 of the Complaint, Defendant admits the allegations contained therein.

5. In answer to Paragraph 5 of the Complaint, Defendant admits the allegations contained therein.

6. Defendant is without sufficient knowledge or belief as to the allegations contained in Paragraph 6 of the Complaint and on that basis denies the allegations in that Paragraph.

7. In answer to Paragraph 7 of the Complaint, Defendant admits that pursuant to Factual Finding Number 1 of the Decision of the California Office of Administrative Hearings dated May 18, 2007, ("Decision") Student was born on December 26, 1993, and was found eligible for special education and related services during the 2003-2004 school year due to speech and language difficulties. Pursuant to factual finding Number 19 of the Decision, Defendant admits that Student's unique needs include a significant language impairment or auditory processing disorder, both expressive and receptive, as well as attention issues (focus, organization, and distractibility). Defendant is without sufficient knowledge or belief as to the remainder of the allegations contained in Paragraph 7 and on that basis denies the remainder of the allegations in that Paragraph.

8. In answer to Paragraph 8 of the Complaint, Defendant admits that pursuant to Factual Finding Number 1 of the Decision, for the 2003-2004 school year Student was placed in a Special Day Class ("SDC") for the Communitiavely Handicapped ("CH") which was taught by

-2-

Cheryl Marsh, a credentialed special education teacher and speech and language therapist. Defendant is without sufficient knowledge or belief as to the remainder of the allegations contained in Paragraph 8 and on that basis denies the remainder of the allegations in that Paragraph.

9. In answer to Paragraph Number 9 of the Complaint, Defendant admits that pursuant to Factual Finding Number 1 of the Decision, during the 2003-2004 school year Marsh provided Student with speech and language therapy (SLT) in the context of the core curriculum, and over the course of the next two years the SDC CH evolved into a Learning Center. Defendant is without sufficient knowledge or belief as to the remainder of the allegations contained in Paragraph 9 and on that basis denies the remainder of the allegations in that Paragraph.

10. In answer to Paragraph Number 10 of the Complaint, Defendant admits that pursuant to Factual Findings Number 14, 17, 20, 24, and 39 of the Decision, Defendant had an Individualized Education Plan dated September 29, 2005. Defendant further admits that pursuant to Factual Finding Number 14 of the Decision, Student's September 29, 2005 IEP provided for Student to be educated in a general education (GE) classroom for up to 70 percent of his school day, and to receive SDC support, in the Learning Center Support model, for at least 45 minutes per school day, and up to 90 minutes per school day, and that 39 percent of Student's school day would be spent in special education. Defendant is without sufficient knowledge or belief as to the remainder of the allegations contained in Paragraph 10 and on that basis denies the remainder of the allegations in that Paragraph.

11. Defendant admits that Pursuant to Factual Finding Number 20 of the Decision, Student received an average of 90 minutes per day of special education support from the SDC Learning Center, and Student's IEP of September 29, 2005 contained eight goals in the areas of social/emotional skills, language, reading comprehension, writing, and math. Defendant is without sufficient knowledge or belief as to the remainder of the allegations contained in Paragraph 11 of the Complaint and on that basis denies the remainder of the allegations in that Paragraph.

-3-

12. In answer to Paragraph 12 of the Complaint, Defendant denies the allegations contained therein.

13. In answer to Paragraph 13 of the Complaint, Defendant admits that pursuant to Factual Findings Number 15 and 16 of the Decision, on the first day of the 2006-2007 school year at King Middle School ("KMS"), Student was placed in a SDC classroom. Defendant is without sufficient knowledge or belief as to the remainder of the allegations contained in Paragraph 13 of the Complaint and on that basis denies the remainder of the allegations in that Paragraph.

14. In answer to Paragraph 14 of the Complaint, Defendant admits that pursuant to Factual Finding Number 16 of the Decision, Dr. Donald Klose pointed out that Student's IEP did not provide for placement in the SDC class, and by the second week of school Student was moved into a GE classroom with resource support from Ms. Ryan. Defendant denies the remainder of the allegations contained in Paragraph 14 of the Complaint.

15. In answer to Paragraph 15 of the Complaint, Defendant admits that pursuant to Factual Finding Number 17 of the Decision, District's placement of Student in a KMS SDC, at the start of the 2006-2007 school year, was not consistent with the IEP in effect at the time, dated September 29, 2005. As a result, District was required to move Student from the SDC to a GE classroom to comport with the IEP and to correct the District's error. Defendant further admits pursuant to Factual Finding Number 17 of the Decision that it did not, nor was it required to, hold an IEP and/or obtain parental consent before correcting the initial, erroneous SDC placement. Defendant denies the remainder of the allegations contained in Paragraph 15 of the Complaint.

16. In answer to Paragraph 16 of the Complaint, Defendant admits that pursuant to Factual Findings Number 21 and 24 through 28 of the Decision, during the 2006-2007 school year District provided Student with resource support services within the regular education class and on a pull out basis, but it failed to provide Student with speech and language services from the 2006-2007 school year until November 13, 2006, when it was ready to conduct an IEP. Defendant denies the remainder of the allegations contained in Paragraph 16 of the Complaint.

-4-

17. In answer to Paragraph 17 of the Complaint, Defendant admits that pursuant to Factual Finding Number 3 of the Decision, Student's annual IEP was due on September 29, 2006, but the District was not ready to conduct the annual IEP because it had not completed its triennial assessment of Student. Defendant further admits that, pursuant to Factual Finding Number 4 of the Decision, Ryan telephoned Student's mother to schedule Student's IEP meeting. Defendant denies the remainder of the allegations contained in Paragraph 17.

18. In answer to Paragraph 18 of the Complaint, Defendant admits that pursuant to Factual Finding Number 30 of the Decision, on October 5, 2006, Student's mother brought a written request for Student's records to the KMS office, and said that the records were to provide information to a tutor. The request was forwarded to Ms. Ryan, who promptly provided Mother with Student's IEP and Student's test scores, as that is was she thought would be helpful to the tutor. Defendant denies the remainder of the allegations contained in Paragraph 18 of the Complaint.

19. In answer to Paragraph 19 of the Complaint, pursuant to Factual Finding Number 34 of the Decision, Defendant admits that on or about October 20, 2006, Petitioner's legal counsel submitted a written request to the District for Student's records. Defendant denies the remainder of the allegations contained in Paragraph 19 of the Complaint.

20. In answer to Paragraph 20 of the Complaint, Defendant admits that in or about November 2006 school psychologist Amy Rosenbaum sent a communication to Dr. Donald Klose asking for information regarding Student's IEP. Defendant denies the remainder of the allegations contained in Paragraph 20 of the Complaint.

21. In answer to Paragraph 21 of the Complaint, Defendant admits that pursuant to Factual Finding Number 1 of the Decision, pursuant to a mediation agreement between the parties, Student was moved to a SDC at KMS on February 2, 2007, and provided with speech and language therapy by Jean Zika, a licensed speech and language therapist. Defendant is without sufficient knowledge or belief as to the remainder of the allegations contained in Paragraph 21 of the Complaint and on that basis denies the remainder of the allegations in that Paragraph.

22. In answer to Paragraph 22 of the Complaint, Defendant denies each and every allegation contained therein.

23. In answer to Paragraph 23 of the Complaint, Defendant admits the allegations contained therein.

24. In answer to Paragraph 24 of the Complaint, Defendant admits the allegation contained therein, with the exception of the exact title of the action opened by OAH, which is "*Student v. Berkeley Unified School District.*"

25. In answer to Paragraph 25 of the Complaint, Defendant admits the allegations contained therein.

26. In answer to Paragraph 26 (a) through (h) of the Complaint, Defendant admits the allegations contained therein.

27. In answer to Paragraph 27 of the Complaint, Defendant admits the allegations contained therein.

28. In answer to Paragraph 28 of the Complaint, Defendant denies each and every allegation contained therein.

29. In answer to Paragraph 29 of the Complaint, Defendant denies each and every allegation contained therein.

30. In answer to Paragraph 30 of the Complaint, Defendant denies each and every allegation contained therein.

31. In answer to Paragraph 31 (a) through (c) of the Complaint, Defendant denies each and every allegation contained therein.

32. In answer to Paragraph 32 (a) through (f) of the Complaint, Defendant denies each and every allegation contained therein.

33. In answer to Paragraph 33 of the Complaint, Defendant denies each and every allegation contained therein.

34. In answer to Paragraph 34 of the Complaint, Defendant denies each and every allegation contained therein.

35. In answer to Paragraph 35 of the Complaint, Defendant denies each and every

allegation contained therein.

## DEFENDANT'S AFFIRMATIVE DEFENSES

36. As an affirmative defense to each and every allegation contained in the Complaint, Defendant alleges that Student was not the prevailing party on Claims 1 and 3 in *Student v. Berkeley Unified School District*, OAH No. 200611033, as District conceded the basis for the two partial claims on which Student prevailed at the onset of the hearing. Student and Parent, therefore, are not entitled to attorneys' fees based on prevailing party status. (*Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001); Education Code section 56507(d); Decision at Page 16.)

37. As an affirmative defense to each and every allegation contained in the Complaint, Defendant alleges that it was the prevailing party on Claims 2, 4, and 5, and also on Claims 1 and 3 on which Student partially prevailed but which District conceded at hearing. (*Buckhannon supra*; Education Code section 56507(d); Decision at Page 16.)

38. As an affirmative defense to each and every allegation contained in the Complaint, Defendant alleges that the Hearing Officer's Decision in OAH No. 2006110033, *Student v. Berkeley Unified School District*, was thorough and careful and is therefore entitled to considerable weight by this Court. (*Seattle School District No. 1 v. B.S.* (9th Cir. 1996) 82 F.3d 1493, 1499; *Union Sch. District v. Smith* (9th Cir. 1994) 15 F.3d 1519.)

## COUNTERCLAIM FOR ATTORNEYS' FEES

The BERKELEY UNIFIED SCHOOL DISTRICT, by and through its attorneys, ATKINSON, ANDELSON, LOYA, RUUD AND ROMO, a Professional Corporation, hereby files the following Counterclaim against JEAN MURRELL ADAMS and ADAMS ESQ, A Professional Corporation, attorneys for Plaintiff KEISHA HAWKINS, and DOES 1-20, ,and hereby allege as follows:

1. This Counterclaim is brought pursuant to the provisions of 20 U.S.C. 1415(i)(3)(B)(i)(II), 20 U.S.C.(i)(3)(B)(i)(III), 34 C.F.R. 300.507 (a)(1)(ii) and 34 C.F.R. 300.507 (a)(1)(iii).

2. Venue in this Court is proper under 28 U.S.C. Section 1391(b) because

Defendants are located and doing business in this judicial district and the events, acts and omissions giving rise to this Claim occurred in this judicial district.

3. Counterclaimant is a public school district duly organized and existing under the laws of the State of California and is located within Alameda County.

4. Counterclaimant is ignorant of the true names and capacities of those Defendants named as "DOES 1-20." Counterclaimant will amend this Counterclaim to allege the true name and capacities of said DOE Defendants when they become known.

### FACTS IN SUPPORT OF COUNTERCLAIM FOR ATTORNEYS' FEES

5. Factual Finding Number 9 of the Decision in OAH No.2006110033, *Student v. Berkeley Unified School District* (hereinafter "the Decision") states that "Mother unreasonably refused to attend an IEP team meeting, and Mother's attorney unreasonably insisted that any IEP team meeting must be held after mediation." (Decision, Page 5.)

6. Factual Finding Number 10 of the Decision states that Mother "unreasonably refused to communicate with Ms. Ryan and Dr. Rosenbaum, unreasonably failed to respond to the District's attempt to re-schedule the [IEP] meeting, and unreasonably did not attempt to reschedule the meeting." (Decision, Page 5.) Factual Finding Number 37 of the Decision states "as determined in Factual Findings Number 3 through 9, the lack of an IEP team meeting during the 2006-2007 SY with the exception of six weeks of delay, is the result of the unreasonable actions of Mother and Mother's attorney." (Decision, Page 10.)

7. Factual Finding Number 32 of the Decision states that "Mother's attorney prepared the Complaint, but Mother did not review it before it was filed." Factual Finding Number 32 further states that "…the Complaint contains at least four demonstrably false allegations." (Decision, Page 10.)

8. During the course of the due process hearing in *Student v. Berkeley Unified School District*, OAH Case No. 2006110033, the Administrative Law Judge hearing the matter, the Honorable John A. Thawley, expressly informed counsel Jean Murrell Adams that he was concerned regarding the false allegations contained in the Student's due process complaint, and that she should seriously consider that fact before proceeding further with the due process

hearing.

9. Judge Thawley expressly found and stated in the Decision that Counterclaimant District was the prevailing party on Claims 2, 4 and 5, and portions of Claims 1 and 3, of the due process complaint. Judge Thawley further found that while Student partially prevailed on Claims 1 and 3, the District had conceded the basis for those portions of Claims 1 and 3.

10. Under the provisions of the IDEA as reauthorized in 2004, 20 U.S.C. Section 1400 et seq., a court in its discretion may award reasonable attorneys' fees as part of costs to a prevailing party who is a school district, against the attorney of a parent who files a complaint that is frivolous, unreasonable, or without foundation. 20 U.S.C. 1415(i)(3)(B)(i)(II); 34 C.F.R. 300.507(a)(1)(ii).

11. Under the provisions of the IDEA as reauthorized in 2004, 20 U.S.C. Section 1400 et seq., a court in its discretion may award reasonable attorneys' fees as part of costs to a prevailing party who is a school district, against the attorney of a parent, or against the parent, if the parent's request for due process was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation. 20 U.S.C. 1415(i)(3)(B)(i)(III); 34 C.F.R.300.507(a)(1)(iii).

12. Based on the record in this case, the entirety of the Decision, and in particular, Findings 3 through 9, 10, 32 and 37. Student's attorneys, ADAMS ESQ. and JEAN MURRELL ADAMS, filed a due process Complaint against Counterclaimant District that was frivolous, without foundation, and unreasonable under the circumstances.

13. Based on the record in this case, the entirety of the Decision, and in particular, Findings 9, 10, and 32, Student's attorney, ADAMS ESQ. and JEAN MURRELL ADAMS, made a request for due process that was presented for an improper purpose, such as to harass, cause unnecessary delay, or to needlessly increase the cost of litigation to Counterclaimant District.

14. As a result of the filing of this action by ADAMS ESQ. and JEAN MURRELL ADAMS, which was frivolous, without foundation, and unreasonable, Counterclaimant District has incurred reasonable attorneys' fees and costs in an amount according to proof.

15. As a result of the filing of this action by ADAMS ESQ. and JEAN MURRELL ADAMS that was presented for an improper purpose, such as to harass, cause unnecessary delay, and needlessly increase the cost of litigation to the Counterclaimant, District has incurred reasonable attorneys' fees and costs in an amount according to proof.

16. Based on the foregoing, Counterclaimant prays that this Court find District to be the prevailing party in this matter, and enter judgment in favor of Counterclaimant against ADAMS ESQ. and JEAN MURRELL ADAMS.

17. Counterclaimant requests that as the prevailing party, it be awarded reasonable attorneys' fees and costs, pursuant to 20 U.S.C. Section 1415(i)(3)(B)(i)(II), 20 U.S.C. Section 1415(i)(3)(B)(i)(III), 34 C.F.R. 300.507(a)(1)(ii), and 34 C.F.R. 300.507(a)(1)(iii), incurred in connection with the defense of this matter and the prosecution of this Counterclaim, according to proof.

DATED:    September 17, 2007

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: _____
PETER W. STURGES
Attorneys for Defendan/Counterclaimantt
BERKELEY UNIFIED SCHOOL DISTRICT

-10-

PROOF OF SERVICE
(Code Civ. Proc. § 1013a(3))
*Keisha Hawkins v. Berkeley Unified School District* CASE NO.:    CO7-CV-04206-E

STATE OF CALIFORNIA, COUNTY OF ALAMEDA

I am employed in the County of Alameda, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 5776 Stoneridge Mall Road, Suite 200, Pleasanton, California 94588.

On September 17, 2007, I served the following document(s) described as Answer to Complaint and Counterclaim for Attorneys' Fees on the interested parties in this action as follows:

Laurette Garcia
449 Fifteenth Street, Suite 410
Oakland, California 94612
Tel: (510) 832-6000
Fax: (510) 832-3099

by placing a true copy thereof enclosed in sealed envelope(s) addressed as follows:

☐ **BY MAIL:** I deposited such envelope in the mail at Pleasanton, California. The envelope(s) was mailed with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY FAX**: I sent such document by use of facsimile machine to the fax numbers listed above. Facsimile cover sheet and confirmation is attached hereto indicating the recipients' facsimile number and time of transmission pursuant to California Rules of Court Rule 2008(e). The facsimile machine I used complied with California Rules of Court Rule 2003(3) and no error was reported by the machine.

☒ **BY OVERNIGHT COURIER:** I sent such document(s) on by OVERNITE EXPRESS with postage thereon fully prepaid at Pleasanton, California.

☐ **BY PERSONAL SERVICE:** I delivered such envelope by hand to the offices of the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 17, 2007, at Pleasanton, California.

VERONICA BOHANNON

-11-