1  JEAN MURRELL ADAMS, Bar No. CA 138458
   LAURETTE M. GARCIA, Bar No. CA 242107
2  ADAMS ESQ, a Professional Corp.
   449 Fifteenth Street, Suite 101
3  Oakland, California 94612
   Telephone: (510) 832-6000
4  Facsimile: (510) 832-3099

5  Attorneys for Plaintiff,
   KEISHA HAWKINS
6

7

8                      UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11
   KEISHA HAWKINS,                          Case No.: C07-CV-04206-EMC
12
                    Plaintiff,
13                                          RULE 26(f) JOINT CASE
   v.                                       MANAGEMENT STATEMENT
14
   BERKELEY UNIFIED SCHOOL DISTRICT,
15 and DOES 1-20

16                  Defendants.

17

18

19 **TO THE HONORABLE EDWARD M. CHEN, UNITED STATES MAGISTRATE COURT**

20 **JUDGE:**

21        Pursuant to Rule 26(f) and Local Rule 16-9, counsel for the Plaintiff and Defendant met by

22 telephone on October 31, 2007 and November 1, 2007.  Plaintiff, Keisha Hawkins ("Plaintiff" or

23 "Hawkins") and Counter-Defendants Adams Esq. and Jean Murrell Adams were represented at the

24 meeting by Jean Murrell Adams and Laurette M. Garcia; Defendant and Counter-Claimant

25 Berkeley Unified School District was represented at the meeting by Peter Sturges.

26        (A)     Jurisdiction: Plaintiff and Defendant agree that jurisdiction for the initial Complaint

27 in this matter lies under 20 U.S.C. §1400 *et seq.*, more commonly known as the Reauthorized

28 "Individuals With Disabilities Education Act" ("IDEA"). This Court has original jurisdiction over

ADAMS ESQ
A Professional Corporation
449 Fifteenth Street
Suite 101
Oakland, California
510 832-6000

JOINT CASE MANAGEMENT STATEMENT

1    this action pursuant to 28 U.S.C. §1331 in that it arises under the IDEA. Moreover, Section

2    1415(i)(2) of Title 20 of the United States Code expressly vests this Court with jurisdiction over

3    this appeal.    Counter-Defendants Adams Esq. and Jean Murrell Adams dispute this Court's

4    jurisdiction with respect to Defendant's counterclaim for fees.

5        (B)    Facts:

6        **STATEMENT OF FACTS - PLAINTIFF.** The following is Plaintiff's brief statement of

7    the facts and a statement of the principal factual issues in dispute:

8            1. ·    Plaintiff Keisha Hawkins is the mother of a minor child ("D.S." or

9    "Student"), a Student eligible for special education due to a Speech and Language Impairment

10   ("SLI"). D.S. has also been diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD")

11   and continues to have difficulty remaining focused and on-task.

12           2.    An IEP meeting was conducted at Cragmont Elementary School on 9/29/05

13   during Student's fifth grade year. The IEP team placed D.S. in the SDC/Learning Center for at least

14   45-90 minutes or 39% and in general education at most 70%. The 9/29/05 IEP did not provide for

15   RSP services and nowhere does that placement appear in that IEP. It is undisputed that the

16   SDC/Learning Center was language based and included daily speech and language services and

17   most of Student's goals focused on language processing.

18           3.    Plaintiff contends that she received a notice prior to the beginning of the

19   2006/2007 school year, indicating that D.S. would be placed in Ms. Wihr's class for sixth grade.

20   She enrolled Student at King on or about August 29, 2006, and at that time, he was placed in

21   Ms. Wihr's special day class ("SDC").

22           4.    Between August 29 and August 31, 2006, certain District personnel began to

23   believe that Student's SDC placement was improper. District personnel moved Student into a

24   regular education classroom (allegedly with limited RSP "push-in" support) without Hawkins' prior

25   knowledge or consent.

26           5.    Hawkins first became aware of the unilateral change of placement several

27   weeks later on 9/13/06 when she went to the school for a separate incident. At that time, Vice

28   Principal Sing gave Hawkins Student's new class schedule, which contained only regular education

ADAMS ESQ
A Professional Corporation
WF 41st Avenue
Suite 104
Oakland, CA 94612
510/832/0003    JOINT CASE MANAGEMENT STATEMENT            2

1   classes and the handwritten statement, "Moved from SDC to Reg Ed."

2       6.      On October 5, 2006, Hawkins requested all of Student's records from the
3   District. Rather than produce all records as Hawkins had requested, the District queried Hawkins as
4   to the purpose of her request and then provided limited documents that *the District* believed
5   Hawkins needed.

6       7.      On October 20, 2006, Plaintiff's legal counsel requested records from the
7   District. Again, the District failed to produce all of Student's records.

8       8.      In a November 2006 internal email to her superior Don Klose, school
9   psychologist Amy Rosenbaum inquired as to the whereabouts of Student's "change in placement
10  IEP." In fact, the District had failed to convene such an IEP and failed to allow Parent, Student's
11  SDC teacher, any general education teacher, a speech pathologist or the school psychologist to
12  participate in the decision to change his placement.

13      9.      Plaintiff contends that between the beginning of the 2006/2007 school year
14  and February 2007, Student lost educational benefits as evidenced by his disciplinary problems and
15  his barely passing grades. His grades immediately improved in February 2007 upon being placed
16  back in Ms. Wihr's SDC class and receiving speech and language interventions.

17      10.     On or about November 1, 2006, Plaintiff requested a due process hearing
18  before the Office of Administrative Hearings alleging that the Defendant denied the minor D.S. a
19  FAPE as required by federal and state law. Hearings were held on April 2-5 & 10, 2007. On
20  May 18, 2007, the Office of Adiminstrative Hearings issued a decision. The hearing officer
21  concluded that Student prevailed with respect to the following issues: (i) The District violated
22  Student's right to a FAPE by failing to conduct Student's annual IEP by September 29, 2006, and
23  for the six week delay until the District initially scheduled the Student's IEP teem meeting on
24  November 13, 2006; (ii) The District violated Student's right to a FAPE by failing to provide
25  speech and language therapy for a period of approximately 11 weeks.

26      **STATEMENT OF FACTS - DEFENDANT.**    The following is Defendant's brief
27  statement of the facts derived from the administrative hearing record and decision in this matter,
28  and a statement of the principal factual issues in dispute:

ADAMS ESQ
A Paid Linking Consideration
4th Street One Street
Suite 101
Oakland, CA 94612
Invaried 5000

JOINT CASE MANAGEMENT STATEMENT        3

1    11.    Plaintiff Keisha Hawkins is the mother of a minor child ("D.S." or
2 "Student"), who was born on December 26, 1993.  D.S. became eligible during the 2003-2004
3 school year for special education services due to speech and language difficulties.

4    12.    Student has unique needs in the areas of reading comprehension and math
5 problem solving, due to a significant language impairment or auditory processing disorder, as well
6 as attention issues (focus, organization, and distractibility.)

7    13.    An IEP meeting was conducted at Cragmont Elementary School on 9/29/05
8 during Student's fifth grade year.  The IEP called for D.S. to be educated in a general education
9 ("GE") classroom for up to 70% of his school day, and to receive SDC support, in the Learning
10 Center Support model, for at least 45 minutes per day, and up to 90 minutes per school day.  The
11 IEP indicated that 39% of Student's school day would be spent in special education.  D.S.'s IEP of
12 September 29, 2005, contained eight goals in the areas of social/ emotional skills, language, reading
13 comprehension, writing and math.

14    14.    Student's IEP of September 29, 2005, was in effect on D.S.'s first day at
15 King Middle School ("KMS") at the start of the 2006-2007 school year.  Susan Ryan was Student's
16 assigned resource teacher at KMS.  On this first day of school, Student was located by Ms. Ryan in
17 a SDC classroom, rather than in a GE classroom where she expected to find him.

18    15.    Dr. Don Klose, a District school psychologist and administrator, pointed out
19 that, pursuant to Student's most recent IEP, Student was not supposed to be in the SDC, and it
20 would constitute a change of placement if D.S. was allowed to remain in the SDC.  By the second
21 week of school, Student was moved into a GE classroom with resource support from Ms. Ryan.

22    16.    The District's placement of D.S. in a KMS SDC, at the start of the 2006-
23 2007 school year, was not consistent with the September 29, 2005 IEP in effect at that time.  As a
24 result, the District moved D.S. from the SDC to a GE classroom to comport with the IEP and to
25 correct the District's initial error of placing D.S. in a SDC classroom.  Because the movement of
26 D.S. to a GE classroom was not a change of placement, District was not required to hold an IEP
27 meeting and/or obtain parental consent before correcting the initial, erroneous SDC placement.

28    17.    On October 5, 2006, Hawkins brought a written request for D.S.'s records

1  to the KMS main office, which was promptly brought to the attention of Ms. Ryan. Hawkins told
2  the District she was requesting records to provide to D.S.'s tutor. In response, Ms. Ryan provided
3  D.S.'s latest IEP and D.S.'s test scores, which is what she thought would be helpful to the tutor.

4          18.     On October 20, 2006, Petitioner's legal counsel submitted a written request
5  to the District requesting D.S.'s complete educational records. In response, District provided a copy
6  of D.S.'s educational records to legal counsel. District supplemented its production of D.S.'s
7  educational records at the mediation on February 1, 2007.

8          19.     The District was required to hold D.S.'s annual IEP meeting on
9  September 29, 2006. The District was also required to conduct a "triennial" assessment of D.S. in
10 preparation for the IEP meeting due on September 29, 2006. At the administrative hearing, the
11 District conceded that as of September 29, 2006, it had not completed the triennial assessment, and
12 was not ready to conduct the annual IEP to review the triennial assessment results.

13         20.     Dr. Amy Rosenbaum, a school psychologist, conducted the triennial psycho-
14 educational assessment of D.S. in about late October or early November 2006. Dr. Rosenbaum
15 called Hawkins to interview her as part of the assessment process, but Hawkins refused to speak
16 with her and directed Dr. Rosenbaum to call Hawkins' legal counsel. Hawkins did not provide the
17 name or telephone number of her legal counsel, however. Dr. Rosenbaum conferred with Dr. Klose
18 regarding the situation, and he informed Dr. Rosenbaum that the IEP was "on hold."

19         21.     Susan Ryan also telephoned Hawkins in early November on two occasions
20 attempting to schedule D.S.'s annual IEP meeting for November 13, 2007. During the first
21 telephone call, which occurred on or about November 2, Hawkins told Ryan that she could not
22 attend the IEP meeting on November 13 because of a conflict with her daughter's IEP meeting.
23 Hawkins said she would call Ryan back to reschedule, but she did not. When Ryan called Hawkins
24 for the second time to schedule the IEP meeting, Hawkins referred Ryan to her legal counsel.

25         22.     The District was ready to conduct Student's annual IEP team meeting no
26 later than November 13, 2006, which was about six (6) weeks after the IEP team meeting was due.
27 The District was unable to conduct the IEP team meeting for two reasons. First, Hawkins refused to
28 attend the IEP meeting on the apparent advice of her legal counsel, Jean Murrell Adams and Adams

ADAMS ESQ
A Professional Corporation
442 FArguello Street
Suite 101
Oakland, CA 94618
510.832.0000

JOINT CASE MANAGEMENT STATEMENT     5

1  Esq.  Second, legal counsel for Hawkins insisted that any IEP team meeting must be held after
2  mediation of the due process action filed by legal counsel on November 1, 2006.

3      23.    On or about November 1, 2006, Plaintiff requested a due process hearing before the
4  Office of Administrative Hearings alleging that the Defendant denied the minor D.S. a FAPE as
5  required by federal and state law.  Hearings were held on April 2-5 and 10, 2007.  On May 18,
6  2007, the Office of Administrative Hearings issued a decision.  The hearing officer concluded that
7  Student prevailed with respect to the following issues:  (i) The District violated Student's right to a
8  FAPE by failing to conduct Student's annual IEP by September 29, 2006, and for the six week
9  delay until the District initially scheduled the Student's IEP team meeting on November 13, 2006;
10 (ii) The District violated Student's right to a FAPE by failing to provide speech and language
11 therapy for a period of approximately 11 weeks.

12     24.    Hawkins has alleged that the District improperly failed to conduct an IEP since
13 September of 2005 until the present.  The District conducted Student's previous IEPs within
14 statutory time frames.  The next IEP that would have been required by statute was a year after
15 Student's September 29, 2005 IEP, which would have been September 29, 2006.  While the District
16 did not meet that time frame, the administrative record is uncontested that it made substantial and
17 good faith efforts from the beginning of the 2006-07 school year to prepare for and conduct a timely
18 IEP.  Had Hawkins, through her attorney, simply agreed to participate in an IEP on November 6 as
19 offered by the District, that IEP would only have been 29 school days late (45 calendar days from
20 September 29, 31 school days less 2 holidays equals 29 school days)--a period of only six weeks.

21     25.    Hawkins has also alleged that the District failed to present her with an assessment
22 plan or to assess Student.[1]  Hawkins was, however, presented with an assessment plan in early
23 September and signed the plan indicating her consent to it.  The assessment plan also clearly
24 indicated on its face that it was for the purpose of a triennial assessment.  The District went on to

25 _____
   [1]    As pointed out by the District at hearing, this was one of the clear examples of Hawkins, through counsel,
26 including a false allegation in the complaint.  Other false allegations included that the District had not recommended or
   provided Extended School Year services to Student, that the District had not provided appropriate services for "over a
27 year," and that the District had improperly changed Student's placement at the beginning of the 2006-07 school year.
   None of these baseless allegations are borne out by the administrative record and should never have been included in a
28 properly drafted Complaint.

ADAMS ESQ
A Professional Corporation
433 Estudillo Avenue
Suite 100
Oakland, CA 94611
510.832.6000

JOINT CASE MANAGEMENT STATEMENT            6

1    perform a number of assessments pursuant to that plan including an academic assessment, a
2    Woodcock Johnson Assessment, a speech and language assessment, an informal reading
3    Assessment, a triennial psycho-educational assessment, and an addendum to that assessment. The
4    District also sought and obtained input from classroom teachers regarding student.

5        26.    From all of this, Hawkins had to have had notice that the District was attempting to
6    implement an IEP/assessment process, but claims she knew nothing about it.[2]   Hawkins herself
7    did nothing to facilitate communications with the school site about a possible IEP or her son's
8    placement issues. Hawkins did not attend "Back to School Night," nor did she partake in a parent-
9    teacher conference for Student in the fall of 2006.

10        27.    In spite of notice, Hawkins, through her legal counsel, filed for due process against
11    the District on November 1, 2006, only one (1) day after Ms. Ryan telephoned Hawkins in an
12    attempt to schedule Student's annual IEP meeting. The Request for Due Process Hearing was,
13    therefore, filed in bad faith. It includes disingenuous and flatly incorrect allegation regarding the
14    lack of an assessment plan, and the failure of the District to conduct a triennial assessment and hold
15    an annual IEP meeting in the fall of 2006. It is undeniable from the administrative record that
16    preparations to conduct an IEP were well under way before the due process complaint was filed.

17        (C)    Legal Issues:

18            1. Whether the District denied Student a FAPE by moving him from a special day
19    class to a general education classroom without parental knowledge or consent.

20            2. Whether the District failed to provide Student with a program and services
21    adequate to meet his unique needs when it failed to provide a program that conformed to the
22    9/29/05 IEP.

23
24

25    ---
      [2]   The District submits that the Hawkins' testimony was not credible generally. She claimed she had difficulty
26    reading and understanding documents due to processing problems and other disabilities, so her testimony about
      documents is generally suspect. In addition, she was frequently hazy about dates and timeframes, and gave factually
27    contradictory testimony (such as what documents were provided to her and when). Conversely, her memory and
      recollection appeared to be quite clear whenever it involved the District's alleged malfeasance. The administrative
28    hearing decision reflects similar factual findings regarding Hawkins' credibility.

ADAMS ESQ
A Professional Corporation
442 E. Market Street
Suite 105
Oakland, CA 94610
510.832.6666

JOINT CASE MANAGEMENT STATEMENT           7

1          3. Whether the District's failure to provide Student's complete educational records

2  to Hawkins in a timely fashion. Whether such failure, if any, infringed on her right to meaningfully

3  participate in the decision making process, thus denying Student a FAPE.

4          4. Whether the District was required to provide Student with Prior Written Notice

5  regarding the following:

6            a. change of Student's placement, if any, from a special day classroom to a

7               regular education classroom;

8            b. failure to hold Student's annual and triennial IEP meeting, if any on or

9               before its 9/29/06 due date;

10            c. failure to provide Student with speech and language services, if any.

11          Whether such failure to provide Prior Written Notice, if required and if any, resulted

12  in the denial of a FAPE to Student.

13          (D)    Motions: Plaintiff anticipates filing a motion to dismiss Defendant's Counterclaim.

14  Defendant has offered to consider Plaintiff's authorities in this regard by way of a meet and confer

15  process and will consider withdrawing its counterclaim and proceeding with a claim for attorneys'

16  fees/cost bill at the conclusion of this proceeding, if necessary.

17          The parties anticipate filing cross motions for summary judgment with appropriate

18  briefing schedules, subject to the court's direction as to the required procedure.

19          (E)    Amendment of the Pleadings: The Parties do not wish to amend the pleadings at

20  this time.

21          (F)    Evidence Preservation: The Parties agree that there is no additional evidence

22  needed with regard to Plaintiff's complaint other than the administrative record. Plaintiff and

23  Counter-Defendants seek preservation of all relevant documentary and electronic evidence

24  including but not limited to emails, voicemails, and other electronically recorded material related to

25  Defendant's counterclaim.

26          (G)    Disclosures: The Parties agree that there was no need at this time for an initial

27  exchange with respect to the Complaint since the record below, including the transcript of the

28  proceedings, contains the documents upon which the underlying decision was based and that this

ADAMS ESQ
A Professional Corporation
6401 Fleurinn Avenue
Suite 100
Oakland, CA 94618
510.434.8900

JOINT CASE MANAGEMENT STATEMENT     8

1  Complaint is exempt from initial disclosure requirements under FRCP Rule 26(a)(1)(B)(i).

2      (H)    Discovery: The Parties agree that discovery is limited to Defendant's Counterclaim.
3  This discovery, including electronic discovery and depositions, will be directed to include any and
4  all billing records arising from and/or related to Defendant's counterclaim including all billing
5  invoices, proof of payment, fee agreements, communications by and between the Superintendent
6  and Board of Education, agendas and minutes, records regarding disputed billing and other
7  discovery with respect to the reasonableness of Defendant/Counter-Claimant's legal fees.

8      (I)    Relief:

9  Plaintiff is seeking the following relief:

10         1. Independent assessments in all areas of suspected disability, including but not
11            limited to psycho-educational and assistive technology assessments.

12         2. The development of a behavior support plan to address Student's attention issues
13            related to his ADHD.

14         3. Compensatory education and services, including but not limited to speech and
15            language therapy and one-to-one educational therapy.

16         4. Attorneys' fees and costs, pursuant to 20 U.S.C. Section 1415, for the underlying
17            hearing and appeal, incurred in connection with the filing and prosecution of this
18            action, according to proof.

19         5. For any further relief that this Court deems just and proper.

20  Defendant is seeking the following relief:

21         1.    A decision by this court upholding the factual findings and legal conclusions
22            of the Administrative Law Judge in the underlying action (Office of Administrative
23            Hearings, Special Education Division, Case Number N200611033).

24         2.    Attorneys' fees and costs, pursuant to 20 U.S.C. Section 1415 *et seq.*,
25            incurred in the defense of the underlying administrative action, and the appeal of this
26            matter, as well as the filing and prosecution of Defendant's counterclaim, according
27            to proof.

28

ADAMS ESQ

JOINT CASE MANAGEMENT STATEMENT          9

1        (J)     Settlement and ADR: Parties met and conferred for ADR purposes on October 31,

2    2007. Plaintiff has requested that the parties engage in a settlement conference before a Judge.

3        (K)    Magistrate Judge: Plaintiff and Defendant both consent to the Magistrate Judge

4    Edward M. Chen.

5        (L)     Narrowing of Issues: The Parties have not agreed to a narrowing of issues.

6        (M)   Expedited Schedule: The Parties agree that this case may be handled on an

7    expedited basis with a streamlined process.

8        (N)    Scheduling: The Parties request that discovery with respect to the Counterclaim

9    occur within the first quarter of 2008 with briefing and oral arguments on the cross motions for

10   summary judgment in the second quarter of 2008.

11       (O)    Trial: The Parties agree that this case will be tried by the court.

12       (P)    Pursuant to Civil Local rule 3-16, the Parties have each filed the "Certification of

13   Interested Entities or Persons."

14                               Respectfully submitted,

15   Dated: November 14, 2007         ADAMS ESQ

16

17                               JEAN MURRELL ADAMS
                                        Attorneys for Plaintiff,
18                               Keisha Hawkins

19

20                               ATKINSON, ANDELSON, LOYA, RUDD &
                                        ROMO
21

22                               By:
                                        PETER STURGES
23                               Attorney for Berkeley Unified School District

24

25

26

27

28

ADAMS ESQ
A PROFESSIONAL ORGANIZATION
1330 FRUITVALE STREET
SUITE 190
OAKLAND, CA 94612
510.622.8230

JOINT CASE MANAGEMENT STATEMENT      10