ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Corporation
Peter W. Sturges, State Bar No. 148124
Diane B. Rolen, State Bar No. 153566
5776 Stoneridge Mall Road, Suite 200
Pleasanton, California 94588
Telephone: (925) 227-9200
Facsimile: (925) 227-9202
Email address: psturges@aalrr.com
Attorneys for Berkeley Unified School District

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEISHA HAWKINS,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>BERKELEY UNIFIED SCHOOL DISTRICT, et al,<br><br>　　　　　　Defendant. | CASE NO.: C07-CV-04206-EMC<br><br>**COUNTER-CLAIMANT'S OPPOSITION TO MOTION TO DISMISS COUNTERCLAIM**<br><br>JUDGE:　Hon. Edward M. Chen<br>DATE:　January 23, 2008<br>TIME:　10:30 a.m.<br>DEPT:　Courtroom C, 15th Floor |
| BERKELEY UNIFIED SCHOOL DISTRICT, et al,<br><br>　　　　　　Counter-Claimant,<br><br>vs.<br><br>ADAMS ESQ., A PROFESSIONAL CORPORATION, JEAN MURRELL ADAMS, AND DOES 1-20.<br><br>　　　　　　Counter-Defendant. | |

## I. ISSUES TO BE DECIDED

Counter-Claim Defendants Adams Esq. ("Adams Esq.") and Jean Murrell Adams ("Adams") have brought a motion to dismiss the counterclaim filed by Defendant and Counter-Claimant Berkeley Unified School District ("District") on September 17, 2007. Adams Esq. and

Adams' motion to dismiss is brought on three grounds: (1) Adams Esq. and Adams are not proper parties under Fed. R. Civ. P. 13, because they are not an "opposing party" within the meaning of Rule 13; (2) Adams Esq. and Adams were not timely named in a third party complaint by District under Rule 14; (3) District has failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12 (b) (6). In the alternative, Adams Esq. and Adams have moved for a more definite statement under Fed. R. Civ. P. (12 (e).

## II.  RELEVANT FACTS

Student's mother, Keisha Hawkins ("Hawkins") has brought this action challenging the results of the due process hearing filed on behalf of Student held before the Office of Administrative Hearings ("OAH") on April 2-5 and April 10, 2007. On May 18, 2007, OAH Administrative Law Judge John A. Thawley ("ALJ Thawley") issued a written Decision in the matter, *Student v. Berkeley Unified School District*, OAH Case No. N2006110033 ("Decision"). (See Declaration of Diane B. Rolen, ("Rolen Dec.") and Exhibit A, Decision, attached thereto). The Decision states that Student prevailed on *portions* of Claims 1 and 3. (Rolen Dec., Exh. A, Decision at p. 16, emphasis added). The Decision also states that the District *conceded the basis for the two partial claims on which Student prevailed.* (*Id.*, at p. 16, emphasis added). The Decision concludes that the District *prevailed on Claims 2, 4 and 5, and on the remaining portions of Claims 1 and 3 on which Student partially prevailed.* (*Id.,* at p. 16, emphasis added).

In his Decision, ALJ Thawley made thirty-nine (39) specific factual findings ("FF"). Among these, he found that "Mother's attorney[1] prepared the Complaint, but Mother did not review it before it was filed." (Rolen Dec., Exh. A, Decision, FF No. 32 at p. 9). Further, ALJ Thawley found that the due process complaint filed by Mother's attorney "contains at least four **demonstrably false** allegations." (*Id.*, Decision, FF No. 31 at pp. 9-10, emphasis added).

Thereafter, the District attempted to schedule an Individualized Education Plan ("IEP") meeting for Student, but Mother would not schedule the IEP and referred a District representative to her attorney. (Rolen Dec., Exh. A, Decision, FF Nos. 5-7 at p. 4). When the District

---

[1] Adams states in her Declaration filed with the Motion to Dismiss that she is the attorney for Mother, Keisha Hawkins.

representative contacted Mother's attorney, the attorney stated that the IEP "would have to be put on hold until the mediation in this matter had occurred." (*Id.*, Decision, FF No. 6 at p. 4). ALJ Thawley made numerous factual findings regarding the unreasonable conduct of Mother (Hawkins), and Mother's attorney (Adams). These references are set forth below.

> 1. The District was ready to conduct Student's IEP team meeting no later than Monday, November 13, 2006, which is about six weeks after the IEP team meeting was due. However, Mother **unreasonably** refused to attend an IEP team meeting, and Mother's attorney **unreasonably** insisted that any IEP team meeting must be held after mediation. (Rolen Dec., Exh. A, Decision, FF No. 9 at p. 5, emphasis added).
>
> 2. [T]he failure to hold an IEP team meeting for six weeks did not significantly impede Mother's right to participate in the IEP process, in light of the fact that Mother indicated that she could not attend the IEP team meeting, **unreasonably** refused to communicate with Ms. Ryan and Dr. Rosenbaum, **unreasonably** failed to respond to the District's attempt to re-schedule the meeting, and **unreasonably** did not attempt to re-schedule the meeting. (Rolen Dec., Exh. A, Decision, FF No.10 at p. 5, emphasis added).
>
> 3. [N]or did District's production of Student's records, or lack thereof, significantly impede Mother's opportunity to participate in the IEP process, because Mother **unreasonably** refused to participate in the IEP process, choosing instead to refer all District employees to her attorney, who **unreasonably** refused to participate in the IEP process until the parties had been to mediation. (Rolen Dec., Exh. A, Decision, FF No. 35 at p. 10, emphasis added).
>
> 4. As determined in Factual Findings 3 through 9, the lack of an IEP team meeting during the 2006-2007 SY [school year], with the exception of six weeks of delay, is the result of the **unreasonable** actions of Mother and Mother's attorney. (Rolen Dec., Exh. A, Decision, FF No. 37 at p. 10, emphasis added).

In ALJ Thawley's legal conclusions ("LC"), he made four (4) additional references to the unreasonable refusal of Mother and Mother's attorney to participate in the IEP process. (Rolen Dec., Exh. A, Decision, LC No.12 at p. 14; and LC Nos. 16, 18 and 19 at p. 15).

### III. ARGUMENT

#### A. The District Is A Prevailing Party In This Case

The District has brought its Counterclaim under the Individuals with Disabilities Act as reenacted ("IDEA 2004"), which states in pertinent part:

> In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorney's fees as part of the costs....
>
> (II) to a prevailing party who is a State educational agency or local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation; or
>
> (III) to a prevailing State educational agency or local educational agency against the attorney of a parent, or against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation.

20 U.S.C. 1415 (i)(3)(B)(i)(II) and (III); 34 C.F.R. 300.507(a)(1)(ii) and (iii) (2007). For the purpose of awarding attorney's fees, a prevailing party is a party who succeeds on any significant issue in litigation which achieves some benefit the parties sought in bringing the suit. (*Parents of Student W. v. Puyallup Sch. Dist. No. 3*, 31 F.3d. 1489, 1498 (9th Cir. 1994), citing *Hensley v. Eckerhart,* 461 U.S. 424, 433; 103 S.Ct. 1933 (1983)). "Where the plaintiff's success on a legal claim can be characterized as purely technical or *de minimis*, the plaintiff cannot claim fees as a prevailing party." (*Texas State Teacher's Ass'n v. Garland Independent School District*, 489 U.S. 782, 792; 109 S.Ct. 1486 (1989)).

Here, the District is a prevailing party in this case, as it prevailed on three of the five issues presented at the due process hearing, partially prevailed on the remaining two issues, and to the extent that Student partially prevailed on those remaining two issues, ALJ Thawley found that the District conceded at the hearing the portions of those remaining issues on which student partially prevailed. (Rolen Dec., Exh. A, Decision at p. 16). Therefore, the District was a prevailing party on at least eighty percent (80%) of the issues presented at the hearing, and conceded liability at the hearing on the remaining twenty percent (20%) of Student's claims. Arguably, therefore, the District is the sole prevailing party as Student did not prevail on any significant issue. [2]

---

[2] For example, Student was awarded only twenty two (22) hours of compensatory speech and language services, which District conceded was owed to Student, and was also less than ten percent (10 %) of the grossly

**B.   The District Can Recover Attorney's Fees Under the "Degree of Success" Standard**

The "degree of success" standard announced in *Hensley v. Eckerhart, supra*, 461 U.S. 424, applies to an award of attorney's fees under the IDEA. (*Aguirre v. Los Angeles Unified School Dist.*, 461 F.3d 1114, 1117 (9th Cir. 2006). Under the "degree of success" standard, the District is allowed to recover its attorney's fees, pursuant to the provisions of 20 U.S.C. Section 1415 et seq., on claims in which it was the prevailing party. The District was clearly a prevailing party in the underlying action, having prevailed on at least, if not more than, eighty percent (80%) of the issues raised by Student. Thus, as a prevailing party, the District may pursue its counterclaim for attorney's fees against Student's attorney of record, Adams and Adams Esq., for claims brought which were unreasonable, without foundation, or brought for an improper purpose.

**C.   Adams And Adams Esq. Are Proper Counterclaim Defendants**

Under the Federal Rules of Civil Procedure, "[persons] other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20." Fed. R. Civ. P. 13 (h). Rule 20 provides in relevant part:

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or rising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. (Fed. R. Civ. P. 20).

Here, the relief sought against Adams and Adams Esq. is prevailing party attorney's fees under the specific provisions of 20 U.S.C. Section 1415 et seq. The facts which support the request for attorney's fees arise from the same series of transactions or occurrences which are the subject of Hawkins' instant action challenging the results of the due process hearing. The issues of whether Adams and Adams Esq. filed a due process complaint and/or pursued a due process hearing that was unreasonable, without foundation or brought for an improper purpose share common issues of fact with the instant action, and therefore are properly considered as part of a

---

inflated three hundred (300) hours he was demanding.

counterclaim.

Beyond the issue of joinder, Adams argues that she *personally* should not be joined as a Counter-Claim Defendant in this action because there is no factual basis stated in the counterclaim for naming her in her personal capacity. The District responds that the very language of 20 U.S.C. Section 1415 et seq. allows a school district to seek its costs and attorney's fees against the "attorney of a parent." Moreover, the counterclaim for attorney's fees fully references the record in the case and the written Decision. The record in this matter, along with Adams' own declaration, reflects that Adams is lead counsel of record for Student and Student's mother, Hawkins.

Specifically, the District's counterclaim alleges in paragraph 8 that ALJ Thawley expressed his concern to Adams during the due process hearing that Student's complaint contained false allegations. This provides a factual basis in support of a claim that Adams both filed a complaint that was unreasonable and without foundation, and also continued to litigate a claim that became unreasonable or without foundation. Similarly, paragraph 14 of District's counterclaim alleges that Adams personally, in conjunction with Adams Esq., filed the due process complaint. Further, paragraphs 11, 12 and 13 of the counterclaim incorporate by reference the record in OAH Case No. 2006110033, which reflects that Adams was lead counsel for Student, by and through his Mother, in the underlying matter. (See Rolen Dec., Exh. A, Decision at p. 1 reflecting Adams as lead counsel). Therefore, District has alleged facts sufficient to state a cause of action against Adams as the "parent's attorney."

Because 20 U.S.C. Section 1415 (i)(3)(B)(i)(II) and (III) are relatively new provisions of IDEA 2004, there is very little case law in the area of recovery of attorney's fees by school districts. However, the recent case of *Taylor P. et al. v. Missouri Dept. of Elementary and Secondary Ed., et al.*, (W.D. Mo., Aug. 14, 2007, Case No. 06-4254-CV-C-NKL), U.S. Dist. Lexis 59570 (See Rolen Dec., Exh. B attached thereto) addressed issues nearly identical to those raised in Adams and Adams Esq.'s motion to dismiss District's counterclaim. In *Taylor P.*, plaintiffs brought an action on behalf of their daughter challenging the results of a due process hearing. A co-defendant in the case, Poplar Bluff R-I School District ("Poplar"), filed a

counterclaim for prevailing party attorney's fees against the parents and their former attorneys, Takiff and Hansen, under 20 U.S.C. Section 1415(i)(3)(B)(i)(II), on the ground that the due process complaint was frivolous because the Parents had failed to comply with the IDEA's requirements for alternative placement. (Rolen Dec., Exh. B, U.S. Dist. Lexis 59570 at screen page 6). Takiff and Hansen filed a motion to dismiss the counterclaim on four grounds, alleging, inter alia, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted.

Just as Adams argues here, Takiff and Hansen argued that the District Court did not have personal jurisdiction over them, because they were not parties to the action, and the District did not have leave of the Court to join them as defendants to the counterclaim against the parents. The District Court observed:

> Rule 13 (h) states: Persons other than those made parties to the original action may be made parties to a counterclaim . . . in accordance with the provisions of Rules 19 and 20. Joining a party under Rule 20 does not require leave of court as Takiff and Hansen suggest; rather, the filing of the counterclaim itself joined Takiff and Hansen to the action as counterclaim defendants. (Rolen Dec., Exh. B, *Taylor P. supra*, U.S. Dist. Lexis 59570 at screen page 4).

The District Court held, therefore, that it had personal jurisdiction over Takiff and Hansen, who were properly joined to the action as counterclaim defendants.

Here, as in *Taylor P.*, pursuant to Fed. R. Civ. P. 13 (h), the District has properly joined Adams and Adams Esq. to this action by the filing of its counterclaim. The counterclaim presents issues that are directly related to the same series of transactions or occurrences raised by the issues in Hawkins' complaint challenging the results of the due process hearing. Accordingly Adams, along with Adams Esq. has been properly joined as a Counter-Claim Defendant to the instant action.

### D. The District Has Stated A Claim Upon Which Relief Can Be Granted

A counterclaim should not be dismissed for failure to state a claim upon which relief can be granted unless it "appears beyond doubt that the [counterclaimant] can prove no set of facts to warrant a grant of relief." (*Knieriem v. Group Health Plan, Inc.*, 434 F.3d 1058, 1060 (8th Cir. 2006)). Here, the District has plead in its counterclaim that, based upon the factual findings of

ALJ Thawley, the filing and/or continued litigation of the due process complaint was frivolous, unreasonable or without foundation. The counterclaim specifically cites to the factual findings in the Decision which both parties have attached as an exhibit to their motions.

As a result of the unreasonable conduct of Hawkins, Adams and Adams Esq., the ALJ limited the District's liability to a period of six weeks. ALJ Thawley also specifically noted that there were patently false allegations in the complaint. Not only did Adams fail to satisfy her professional and ethical obligation not to file a complaint containing false allegations, in so doing, she also filed a complaint without foundation, yet another basis for seeking an award of attorney fees. As a result, Counter-Claim Defendants cannot legitimately argue that the District can prove no set of facts to warrant relief under the provisions of 20 U.S.C. Section 1415 et seq.

Further, under 20 U.S.C. Section 1415 (i)(3)(B)(i)(III), 34. C.F.R. 300.507(a)(1)(iii) (2007), a court in its discretion may award reasonable attorney's fees as part of costs to a prevailing party who is a school district, against the attorney of a parent, or against the parent, if the parent's request for due process was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation. Here, the District, based on the factual findings in the Decision as plead in its counterclaim, can prove a set of facts to demonstrate that Adams' unreasonable refusal to attend the IEP meeting was done to avoid the resolution of issues presented in the due process complaint, thereby causing the District to incur attorney's fees. As such, the District will be able to demonstrate that Adams and Adams Esq. unreasonably refused to attend the IEP meeting and insisted on the District's participation in the mediation process for the sole purpose of incurring and increasing attorney's fees. Thus, as plead, District has stated a claim upon which relief can be granted under 20 U.S.C. Section 1415(B)(i)(III), under the theory that the litigation was brought for an improper purpose, such as to harass the District, cause unnecessary delay in the holding of an IEP for Student, and to needlessly increase the cost of litigation to the District by trying to compel the recovery of attorney's fees through the mediation process.

Therefore, at this point in the litigation, as was the case in *Taylor P., supra,* Counter-Claim Defendants' argument that the District will be unable to prove any set of facts

1  demonstrating that the litigation ever became frivolous, unreasonable, or without foundation
2  should be rejected. As the Court determined in *Taylor P.*, this is a "fact-intensive inquiry" that is
3  "more properly resolved at summary judgment" (Rolen Dec., Exh. B, U.S. Dist. Lexis 59570 at
4  screen page 7). Therefore, District should be allowed to proceed on its counterclaim.

## IV. CONCLUSION

For the reasons stated above, Defendant and Counter-Claimant District requests that this Court deny Counter-Claim Defendants' motion to dismiss the counterclaim.

DATED: January 2, 2008

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: _____
Peter W. Sturges
Diane B. Rolen
Attorneys for Berkeley Unified School District

COUNTER-CLAIMANT'S OPPOSITION TO MOTION TO DISMISS COUNTERCLAIM