JEAN MURRELL ADAMS, Bar No. CA 138458
LAURETTE M. GARCIA, Bar No. CA 242107
ADAMS ESQ, a Professional Corp.
449 Fifteenth Street, Suite 101
Oakland, California 94612
Telephone: (510) 832-6000
Facsimile: (510) 832-3099

Attorneys for Plaintiff, KEISHA HAWKINS and
Counter-Defendant, JEAN MURRELL ADAMS &
ADAMS ESQ, A PROFESSIONAL CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEISHA HAWKINS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BERKELEY UNIFIED SCHOOL DISTRICT, and DOES 1-20<br><br>　　　　　Defendants.<br><br>―――――――――――――――――<br><br>BERKELEY UNIFIED SCHOOL DISTRICT, and DOES 1-20,<br><br>　　　　　Counter-Claimant,<br><br>v.<br><br>ADAMS ESQ, A PROFESSIONAL CORPORATION AND JEAN MURRELL ADAMS<br><br>　　　　　Counter-Defendants. | Case No.: Case No.: C07-CV-04206-EMC<br><br>**PLAINTIFF AND COUNTER-DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**<br><br>DATE:　　　February 13, 2008<br>TIME:　　　10:30 AM<br>LOCATION:　Courtroom C, 15th Fl.<br>JUDGE:　　Hon. Edward M. Chen<br><br>Complaint Filed:　　8/16/07<br>Counter-Claim Filed:　9/17/07 |

///
///

# I. INTRODUCTION

The Berkeley Unified School District's ("District") Opposition to the Motion to Dismiss ("Opposition") sets forth the following arguments, 1) The District is a prevailing party in the case, 2) The District can recover attorney's fees under the degree of success standard, 3) Jean Murrell Adams ("JMA") and Adams Esq are proper counterclaim defendants and 4) the District has stated a claim upon which relief can be granted. By this Reply, Petitioner and Counter-defendants seek an order dismissing the District's counterclaim for attorney's fees. To hold otherwise would result in a "chilling effect" in the exercise of parent rights under the IDEA.

# I. ARGUMENT

### A. Student Partially Prevailed On 2 Out of 5 Issues at Hearing and Achieved Some of the Benefit He Sought In Bringing The Suit.

For purposes of awarding attorney's fees, a prevailing party is a party who succeeds on *any significant issue in litigation* which achieves some benefit the parties sought in bringing the suit. *Parents of Student W. v. Puyallup Sch. Dist. No. 3*, 31 F.3d 1489, 1498 (9th Cir. 1994), citing *Hensley v. Eckerhart*, 461 U.S. 424, 433; 103 S.Ct. 1933 (1983); *see also Texas State Teacher's Ass'n v. Garland Independent School District*, 489 U.S. 782, 109 S.Ct. 1486 (1989). The success must materially alter the parties' legal relationship, cannot be deminimis and must be causally linked to the litigation brought. (*Puyallup*, F.3d at 1498)

These cases are not applicable to whether or not the District is a prevailing party. Both *Puyallup* and *Garland* are about awarding fees to a *petitioner* who initiated a suit. The District did not bring the original suit against Student nor did it seek any relief from Student. Thus, the cases apply to Student not the District as he was the initiator of the case against the District. Moreover,

Student partially prevailed on two (2) out of five (5) issues in the case and the Administrative Law Judge ("ALJ") awarded Student twenty-two (22) hours of speech and language therapy.

It appears that the District is arguing that Student's success is purely technical or deminimis and therefore is not entitled to prevailing party status. This is not the case. Under the *Puyallup* standard, Student was the prevailing party at the administrative level. The District's failure to provide speech and language therapy was a "significant issue" in the proceeding and the remedy the ALJ ordered-an additional 22 hours of speech and language therapy clearly produced "some of the benefit" that Student sought in bringing forth his suit against the District. The ALJ's award created a legal obligation for the District to provide Student with the speech and language therapy it failed to provide to him between August 30, 2006 and November 13, 2006. Thus, materially altering the legal relationship between the parties.

In *Van Duyn v. Baker School District*, 481 F.3d 770 (9th Cir. 2007), Petitioner partially prevailed at hearing and was entitled to reasonable attorney's fees even though he only prevailed on one (1) out of eleven (11) issues raised at the administrative hearing. What was relevant was that Petitioner prevailed on the issue's merits and obtained a remedy that materially altered his legal relationship with the District. *Id.* at 784. Therefore, the fact that the District arguably prevailed on 80% of the issues at hearing does not preclude Student from achieving prevailing party status because like *Van Duyn*, Petitioner partially prevailed on the merits and obtained a remedy materially altering his legal relationship with the District.

B. **The Degree of Success Standard Does Not Apply to the District**

The District argues that it may recover its attorney's fees, pursuant to the "degree of success" standard in *Hensley v. Eckerhart*, supra, 461 U.S. 424 and applied to IDEA by *Aguirre v. Los Angeles Unified School Dist.*, 461 F.3d 1114, 1118 (9th Cir. 2006), because it prevailed on 80% of the issues raised by Student. However, in the case at bar Student prevailed on 20% of case

and was awarded compensatory education, which only underscores the argument that by definition this case cannot be frivolous.

It appears that the District is attempting to amend its counterclaim by now alleging that it should receive attorney's fees for the sections of the case that Student lost. There is nothing in 20 U.S.C. section 1415 et. seq. *infra* or the above referenced cases that supports this allegation and no evidence that this is what Congress intended. *Aguirre* does not make reference to the District as the prevailing party. Moreover, the "degree of success" analysis in *Aguirre* is used to determine the amount of attorney's fees that should be awarded to a prevailing student/parent when he is only partially successful in his suit. The Ninth Circuit held that the amount of attorneys' fees parent/student is entitled to under IDEA is contingent upon the degree of success the parent/student attained on her claims. *Id.*

If the Court accepts the District's argument then JMA and Adams Esq would be liable for 80% of the District's attorney's fees. This new argument leads us down a slippery slope. Would it follow that if a student prevailed on 90% of the issues at hearing, would his attorneys still be liable for 10% of the district's attorney's fees? Even if a student lost 1% of his case, he would be liable for 1% of a school district's attorney's fees. If this were the case, parents and attorneys for students who do not prevail on *every* issue at hearing could always be liable for school district attorney's fees to some extent. This would result in a "chilling effect" because parents and their attorneys would not bring actions against school districts for fear of becoming ultimately responsible for school district's attorney's fees or at the very least, placed in a position where they must defend a complaint for fees in federal court. Therefore, the "degree of success" standard must not apply to the District.

ADAMS ESQ
A Professional Corporation
449 Fifteenth Street
Ste. 410
Oakland, CA 94612
510.832.5001

REPLY TO OPPOSITION TO MOTION TO DISMISS     -4-     BUSD V. ADAMS ESQ & JMA
C07-CV-04206-EMC

### C. JMA and Adams ESQ Are Not Proper Counterclaim Defendants

Under the Federal Rules of Civil Procedure,

> if a defendant states a claim seeking relief against a coparty already in the action or plaintiff-counter-defendant, he may seek to bring in additional parties under the joinder provisions of the federal rules; however, the interpleader provided by the rules must have some nexus with a party already in the case. Fed.Rules Civ.Proc. rules 20., 22, 28 U.S.C.A.

The District cites *Taylor P. et al v. Missouri Dept. of Elementary and Secondary Ed., et. al.*, (W.D. Mo., Aug. 14, 2007 Case No. 06-4254-CV-C-NKL), U.S. Dist Lexis 59570 to support its contention that JMA and Adams ESQ are proper counterclaim defendants. However, *Taylor P.* is distinguishable in that co-defendant Poplar Bluff R-I School District ("Poplar") filed a counterclaim against the student's parents who were original parties to the case and moved to join the parents' former attorneys, Takiff and Hansen. *Taylor P. v. Missouri Dept. of Elementary and Secondary* Ed. et. al., No. 06-4254-CV-C-NKL 2007 WL 869502 (W.D. Mo., Mar. 20, 2007) "The relief sought against Takiff and Hansen was prevailing party attorney's fees which arise from the same transaction or occurrence for which Poplar sought attorney's fees against Parents. Whether the Parents' pursuit of the due process hearing was frivolous or for an improper purpose is a common issue of fact bearing on the liability of both sets of counterclaim defendants." *Id.* At 8. Here, Defendant Berkeley Unified School District, has filed a counter-claim against JMA and Adams ESQ for prevailing party attorney's fees. The District has not filed a counter-claim against Hawkins, a party already in the action. Therefore, JMA and Adams ESQ are not proper parties to the counterclaim.

In the alternative, if this Court finds that Adams ESQ is a proper party, it must dismiss JMA. JMA at no time represented Student in her individual capacity, but at all times represented Student in her capacity as an attorney for Adams Esq. Any purported liability on the part of JMA

could have only been in her capacity as an attorney with the law firm Adams Esq. Therefore, the Court must dismiss JMA in her individual capacity.

### D. The District has Not Stated a Claim Upon Which Relief Can Be Granted

In considering a motion to dismiss, the Court must accept as true the material facts alleged in the complaint and draw all reasonable inferences in favor of the non-moving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999). The Court may dismiss the complaint only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her to relief]. *Burnette*, 192 F.3d at 56 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Thus, the Supreme Court has held that" [t]he issue [on a motion to dismiss] is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" *Jackson v. Burmingham Bd. of Educ.*, 544 U.S. 167, 184 (2005).

> A court in its discretion may award attorneys' fees to a prevailing party who is state educational agency or local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or alternatively, from the attorney of a parent, if the parent's complaint was presented for any improper purpose such as harassment, unnecessary delay, or increasing the cost of litigation.

20 U.S.C. section 1415(i)(3)(B(II)-(III) (2007).

As explained in the Motion, courts shift fees only in the most exceptional cases. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978). Fees may shift if the parent's case is frivolous with absolutely no chance of success -- but not if it is merely very weak with little chance of success. *See Khan v. Gallitano*, 180 F.3d 829 (7th Cir. 1999); *Bonner v. Mobile Energy Services Co.*, 246 F.3d 1303, 1305 (11th Cir. 2001). Under *Christiansburg*, frivolousness is generally found only if plaintiffs fail to produce evidence in support of an essential element of a prima facie case, or lack any legal authority to support the case, or because the facts that the plaintiff alleged, even if true, can never be a violation of the law. *See, e.g., Bass v. E.I. Dupont*,

324 F.2d 761 (4th Cir. 2003); *AFSCME v. County of Nassau*, 96 F.3d 644 (2d. Cir. 1996); *Ryan v. City of Carlsbad*, 58 F.3d 439 (9th Cir. 1995).

Here, Student's Initial Complaint was not frivolous because he partially prevailed on 2 of the 5 issues at hearing and was awarded compensatory education. The fact that Student's Initial Complaint resulted in a partial victory and award, precludes a finding that the Initial Complaint was frivolous, unreasonable or without merit. Moreover, the Ninth Circuit, has held that a nonfrivolous complaint cannot have an improper purpose, because society benefits from the filing of serious complaints. *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358 (9th Cir. 1991) (en banc).

Furthermore, the District is unable to prove any set of facts to demonstrate that the Initial Complaint was frivolous, unreasonable or filed for an improper purpose because the District admittedly conceded to partial liability on the third day of hearing, and Student ultimately prevailed on 2 of his claims. Therefore Adams and/or Adams ESQ cannot be held liable for the District attorney's fees under 20 U.S.C. Section 1415 (i)(3)(B)(II-III) because as a matter of law, the Initial Complaint was not frivolous, unreasonable or filed for an improper purpose.

The District avoids addressing this argument. The Opposition never even mentions the standard of review for determining whether a complaint is frivolous, unreasonable or filed for an improper purpose. Instead, the District cites *Taylor P.*, to support its argument that it should be allowed to proceed on its counterclaim. U.S. Dist Lexis 59570 The court in *Taylor P.*, stated, "[a]t this early stage in litigation, the Court cannot say that the District will be unable to prove any set of facts demonstrating that the litigation ever became frivolous, unreasonable, or without foundation." *Id*. *Taylor P.*, *supra* is distinguishable because in that case, the Student lost his case in its entirety at the administrative hearing. Here, Student partially prevailed on 2 of the issues at the administrative hearing. As such, in light of Student's prevailing party status, the Initial

1  Complaint was neither frivolous, unreasonable nor brought for an improper purpose. Unlike
2  *Taylor P.*, in this case it appears beyond doubt that the District can prove no set of facts to support
3  its claim which would entitle it to relief. Thus, the District has not and cannot state a claim upon
4  which relief can be granted.

## III. CONCLUSION

For the reasons given above and in the moving papers, Plaintiff Hawkins and purported Counter-Defendants, ADAMS ESQ, A PROFESSIONAL CORPORATION and JEAN MURRELL ADAMS, respectfully request that the Court enter an Order dismissing the District's counterclaim, with prejudice, and for such further and other relief as this Court deems just and proper.

Dated: January 28, 2008

Respectfully submitted,

ADAMS ESQ

_____
JEAN MURRELL ADAMS
Attorneys for Plaintiff, Keisha Hawkins
and Counterclaim Defendants, Adams ESQ,
A Professional Corporation and Jean Murrell
Adams