1  JEAN MURRELL ADAMS, Bar No. CA 138458
   LAURETTE M. GARCIA, Bar No. CA 242107
2  ADAMS ESQ, a Professional Corp.
   449 Fifteenth Street, Suite 101
3  Oakland, California 94612
   Telephone:  (510) 832-6000
4  Facsimile:  (510) 832-3099

5  Attorneys for Plaintiff,
   KEISHA HAWKINS
6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  KEISHA HAWKINS,                      Case No.: C07-CV-04206-EMC

12                   Plaintiff,

13          v.                           JOINT CASE MANAGEMENT
                                         STATEMENT
14  BERKELEY UNIFIED SCHOOL DISTRICT,
15  and DOES 1-20

16                   Defendants.

17

18

19  TO THE HONORABLE EDWARD M. CHEN, UNITED STATES MAGISTRATE COURT

20  JUDGE:

21          Pursuant to Rule 26(f) and Local Rule 16-9, counsel for the Plaintiff and Defendant met by

22  telephone on October 31, 2007 and November 1, 2007.   Counsel have had no further meetings

23  since that date.  Plaintiff, Keisha Hawkins ("Plaintiff" or "Hawkins") and Counter-Defendants

24  Adams Esq. and Jean Murrell Adams were represented at the meeting by Jean Murrell Adams and

25  Laurette M. Garcia; Defendant and Counter-Claimant Berkeley Unified School District was

26  represented at the meeting by Peter Sturges.

27          (A)     Jurisdiction: Plaintiff and Defendant agree that jurisdiction for the initial Complaint

28  in this matter lies under 20 U.S.C. §1400 *et seq.*, more commonly known as the Reauthorized

ADAMS ESQ
A Professional Corporation
449 Fifteenth Street
Suite 101
Oakland CA 94612
(510) 832-6000

JOINT CASE MANAGEMENT STATEMENT

1  "Individuals With Disabilities Education Act" ("IDEA"). This Court has original jurisdiction over

2  this action pursuant to 28 U.S.C. §1331 in that it arises under the IDEA. Moreover, Section

3  1415(i)(2) of Title 20 of the United States Code expressly vests this Court with jurisdiction over

4  this appeal.

5      (B)    Facts:

6  **STATEMENT OF FACTS - PLAINTIFF**. The following is Plaintiff's brief statement of

7  the facts and a statement of the principal factual issues in dispute:

8      1.    Plaintiff Keisha Hawkins is the mother of a minor child ("D.S." or

9  "Student"), a Student eligible for special education due to a Speech and Language Impairment

10 ("SLI"). D.S. has also been diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD")

11 and continues to have difficulty remaining focused and on-task.

12     2.    An IEP meeting was conducted at Craigmont Elementary School on 9/29/05

13 during Student's fifth grade year. The IEP team placed D.S. in the SDC/Learning Center for at least

14 45-90 minutes or 39% and in general education at most 70%. The 9/29/05 IEP did not provide for

15 RSP services and nowhere does that placement appear in that IEP. It is undisputed that the

16 SDC/Learning Center was language based and included daily speech and language services and

17 most of Student's goals focused on language processing.

18     3.    Plaintiff contends that she received a notice prior to the beginning of the

19 2006/2007 school year, indicating that D.S. would be placed in Ms. Wihr's class for sixth grade.

20 She enrolled Student at King on or about August 29, 2006, and at that time, he was placed in

21 Ms. Wihr's special day class ("SDC").

22     4.    Between August 29 and August 31, 2006, certain District personnel began to

23 believe that Student's SDC placement was improper. District personnel moved Student into a

24 regular education classroom (allegedly with limited RSP "push-in" support) without Hawkins' prior

25 knowledge or consent.

26     5.    Hawkins first became aware of the unilateral change of placement several

27 weeks later on 9/13/06 when she went to the school for a separate incident. At that time, Vice

28 Principal Sing gave Hawkins Student's new class schedule, which contained only regular education

ADAMS ESQ
A Professional Corporation
4400 Broadway, #391
King #91
Oakland, CA 94611
(510) 832-1000

JOINT CASE MANAGEMENT STATEMENT                    2

1 classes and the handwritten statement, "Moved from SDC to Reg Ed."

2     6.     On October 5, 2006, Hawkins requested all of Student's records from the
3 District. Rather than produce all records as Hawkins had requested, the District queried Hawkins as
4 to the purpose of her request and then provided limited documents that *the District* believed
5 Hawkins needed.

6     7.     On October 20, 2006, Plaintiff's legal counsel requested records from the
7 District. Again, the District failed to produce all of Student's records.

8     8.     In a November 2006 internal email to her superior Don Klose, school
9 psychologist Amy Rosenbaum inquired as to the whereabouts of Student's "change in placement
10 IEP." In fact, the District had failed to convene such an IEP and failed to allow Parent, Student's
11 SDC teacher, any general education teacher, a speech pathologist or the school psychologist to
12 participate in the decision to change his placement.

13     9.     Plaintiff contends that between the beginning of the 2006/2007 school year
14 and February 2007, Student lost educational benefits as evidenced by his disciplinary problems and
15 his barely passing grades. His grades immediately improved in February 2007 upon being placed
16 back in Ms. Wihr's SDC class and receiving speech and language interventions.

17     10.     On or about November 1, 2006, Plaintiff requested a due process hearing
18 before the Office of Administrative Hearings alleging that the Defendant denied the minor D.S. a
19 FAPE as required by federal and state law. Hearings were held on April 2-5 & 10, 2007. On
20 May 18, 2007, the Office of Adiminstrative Hearings issued a decision. The hearing officer
21 concluded that Student prevailed with respect to the following issues: (i) The District violated
22 Student's right to a FAPE by failing to conduct Student's annual IEP by September 29, 2006, and
23 for the six week delay until the District initially scheduled the Student's IEP teem meeting on
24 November 13, 2006; (ii) The District violated Student's right to a FAPE by failing to provide
25 speech and language therapy for a period of approximately 11 weeks.

26 **STATEMENT OF FACTS - DEFENDANT**

27     The following is Defendant's brief statement of the facts derived from the administrative
28 hearing record and decision in the underlying administrative proceeding.

1.     Plaintiff Keisha Hawkins ("Hawkins") is the parent of a minor child ("Student") who was born on December 26, 1993.  Student is a resident of Berkeley and currently attends Martin Luther King, Jr. Middle School ("KMS") in the Berkeley Unified School District ("District").  During the 2003-2004 school year, District assessed Student and found him eligible for special education services due to speech and language difficulties.  District began providing special education and related services to Student at this time.

2.     Student has unique needs in the areas of reading comprehension and math problem solving due to a significant language impairment or auditory processing disorder, as well as attention issues (lack of focus, disorganization and distractibility).

3.     An Individualized Education Plan ("IEP") meeting was conducted at District's Craignont Elementary School on September 29, 2005 during Student's fifth grade year.  The IEP called for Student to be educated in a general education ("GE") classroom for up to 70% of his school day, and to receive special day class ("SDC") support, in the Learning Center Support Model, for at least 45 minutes per day, and up to 90 minutes per school day.  The IEP indicated that 39% of Student's school day would be spent in special education, and the remainder would be spent in general education.  Student received both resource specialist support and speech and language therapy in the Learning Center while at Craignont.

4.     In the fall of 2006, Student began attending KMS as a 6th grader.  Student's IEP of September 29, 2005, was still in effect on his first day at KMS.  Due to a computer error, Student was placed in a SDC classroom at KMS.  This was not consistent with Student's September 26, 2005 IEP, which reflected that Student's placement was to be in a GE classroom, not a SDC classroom.

5.     Dr. Don Klose, District school psychologist and administrator, discovered this error during the first two weeks of the 2006-2007 school year.  Dr. Klose determined it would constitute a change of placement if Student was allowed to stay in the SDC classroom.  As a result, Dr. Klose directed school staff to move Student into a GE classroom where he was provided with resource specialist support by Susan Ryan ("Ryan").

6.     Student's IEP of September 25, 2005 did not specify speech and language therapy

ADAMS ESQ
A Professional Corporation
dam Relations Sheet
Suite 1000
1144 main, CA 94612
510.272.0300

JOINT CASE MANAGEMENT STATEMENT                 4

1   as a "designated instructional service" or "DIS" because Student received these services in the
2   Learning Center. When KMS, school staff reviewed Student's IEP, because it did not show
3   speech and language therapy as a DIS, they did not realize Student was supposed to receive speech
4   and language therapy as well as resource specialist support services. Student, therefore, did not
5   receive speech and language therapy from District during the fall of 2006.

6       7.      Because the movement of Student to a GE classroom was not a change of
7   placement, District was not required to hold an IEP meeting and/or obtain parental consent before
8   correcting the initial, erroneous SDC placement.

9       8.      On October 5, 2006, Hawkins brought a written request for Student's records to the
10  KMS main office, which was promptly brought to the attention of Ryan. Hawkins told the KMS
11  secretary she was requesting records to provide to Student's tutor, which the secretary in turn
12  noted to Ryan. In response, Ryan provided Hawkins with Student's September 29, 2005 IEP and
13  Student's test scores, which is what Ryan thought would be most helpful to the tutor.

14      9.      On October 20, 2006, Adams Esq. also submitted a written request to District
15  requesting Student's complete educational records. In response, District provided a copy of
16  Student's educational records to legal counsel. District supplemented its production of Student's
17  educational records at a mediation held on February 1, 2007.

18      10.     Dr. Amy Rosenbaum, District school psychologist, conducted a triennial psycho-
19  educational assessment of Student in or about late October or early November 2006. Dr.
20  Rosenbaum called Hawkins to interview her as part of the assessment process, but Hawkins
21  refused to speak with her and directed Dr. Rosenbaum to call Hawkins' legal counsel. Hawkins
22  did not provide Dr. Rosenbaum with the name or telephone number of her legal counsel, however.
23  Dr. Rosenbaum conferred with Dr. Klose regarding the situation, and he informed Dr. Rosenbaum
24  that the IEP was "on hold."

25      11.     On November 1, 2006, Hawkins requested a due process hearing on Student's
26  behalf before the Office of Administrative Hearings ("OAH") alleging that District denied Student
27  a free and appropriate education ("FAPE") as required by federal and state law. The Due Process
28  Complaint ("Complaint") alleged District denied Student a FAPE by failing to conduct an annual

1  and triennial IEP meeting; failing to provide a program designed to meet Student's unique needs

2  and provide him with educational benefit; failing to permit Parent to inspect and review all of

3  Student's records; and violated Parent's procedural rights by failing to provide Parent with prior

4  written notices.    The Complaint requested extensive relief, including multiple independent

5  assessments and three hundred (300) hours of compensatory education in all areas of purported

6  need, including speech and language therapy.

7      12.    On November 2, 2006, just one day after Adams Esq. filed the Complaint, Ryan

8  telephoned Hawkins to schedule Student's annual IEP meeting for November 13, 2007. Hawkins

9  told Ryan she could not attend the IEP meeting on November 13 because of a conflict with her

10  daughter's IEP meeting.  Hawkins said she would call Ryan back to reschedule, but she did not.

11  When Ryan called Hawkins again a few days later to schedule the IEP meeting, Hawkins referred

12  Ryan to Adams Esq. Ryan then telephoned Adams Esq., who informed Ryan that neither Hawkins

13  nor counsel would attend an IEP meeting until after mediation occurred on the Complaint.

14      13.    The District was ready to conduct Student's annual IEP team meeting no later than

15  November 13, 2006, which was about six (6) weeks after the IEP team meeting was due. The

16  District was unable to conduct the IEP team meeting for two reasons.  First, Hawkins refused to

17  attend the IEP meeting on the advice of her legal counsel, Adams Esq.  Second, Adams Esq.

18  unreasonably insisted that any IEP team meeting must be held after mediation of the Complaint

19  filed on November 1, 2006.

20      14.    A due process hearing was held on April 2-5 and 10, 2007.  On May 18, 2007, ALJ

21  John Thawley ("the ALJ") issued his written decision in which he concluded that District

22  prevailed on Claims 2, 4 and 5, and partially prevailed on Claims 1 and 3.  He further found that

23  Student partially prevailed on Claims 1 and 3, but that District conceded at the hearing the basis of

24  the two partial claims on which Student prevailed.  The ALJ found that District was correct in

25  moving Student from the erroneous KMS SDC placement to a KMS GE classroom. The ALJ also

26  found that but for a failure to provide speech and language therapy between August 31, 2006 and

27  November 13, 2006, District provided appropriate special education and related services to

28  Student.

ADAMS ESQ
Attorneys at Law
100 Pine Street
Suite 100
San Francisco 94111
(415) 000-0000

JOINT CASE MANAGEMENT STATEMENT                6

15. Regarding placement, the ALJ concluded that Student's placement in the GE KMS classroom with resource specialist support "was designed to meet Student's unique needs and was reasonably calculated to provide some educational benefit." He noted that Student received as much resource specialist support in the fall of 2006 as he had received the previous year in the Learning Center. The ALJ concluded that, but for the lack of speech and language therapy during his first six weeks at KMS, Student's KMS placement was appropriate. (*Id*).

16. The ALJ also found that there were four demonstrably false claims in the Complaint. These were: (1) Student was not recommended for extended school year ("ESY") after the 2005-2006 school year; (2) Student was exited from special education; (3) District failed to present [Hawkins] with an assessment plan; and (4) [Hawkins] did not consent to the recent testing. The ALJ noted that in her testimony Hawkins conceded: (1) each of Student's three IEPs indicated that ESY was recommended; (2) Student was never exited from special education; (3) District gave her an assessment plan, which she signed. The ALJ found that "[Hawkins] unreasonably refused to attend an IEP team meeting, and [Hawkin's] attorney unreasonably insisted that any IEP team meeting must be held after mediation." As a result, the ALJ excused District for not holding an IEP team meeting after November 13, 2006.

17. District was required to defend against patently false claims brought against it by Hawkins and Adams Esq. The false claims were alleged as part of Claim 3 on which District prevailed, as well as part of Claim 2 and Claim 5 on which District prevailed.

18. The ALJ awarded Student only twenty-two (22) hours of compensatory speech and language services; no other relief was granted. The amount of relief obtained by Student was only a miniscule portion of the three hundred (300) hours of compensatory education which Student requested in his Complaint.

(C) Legal Issues:

1. Whether District denied Student a FAPE by moving him from a special day class to a general education classroom without parental knowledge or consent.

2. Whether District failed to provide Student with a program and services adequate to meet his unique needs when it failed to provide a program that conformed to the 9/29/05 IEP.

ADAMS ESQ
A PROFESSIONAL CORPORATION
ABC Associates South
Suite 300
[illegible] CALIFORNIA
94904 [illegible]

JOINT CASE MANAGEMENT STATEMENT                    7

1    3. Whether District failed to provide Student's complete educational records to
2    Hawkins in a timely fashion. Whether such failure, if any, infringed on her right to meaningfully
3    participate in the decision making process, thus denying Student a FAPE.

4    4. Whether District was required to provide Student with Prior Written Notice
5    regarding the following:

6    a. change of Student's placement, if any, from a special day classroom to a
7    regular education classroom;

8    b. failure to hold Student's annual and triennial IEP meeting, if any on or
9    before its 9/29/06 due date;

10    c. Failures to provide Student with speech and language services, if any.

11    Whether such failure to provide Prior Written Notice, if required and if any, resulted
12    in the denial of a FAPE to Student.

13    (D)  Motions: Plaintiff filed a motion to dismiss Defendant's Counterclaim. By order
14    dated On March 11, 2007, Defendant's Counterclaim was dismissed with prejudice. Plaintiff and
15    Defendant anticipate filing cross motions for summary judgment with appropriate briefing
16    schedules, subject to the Court's direction as to the required procedure.

17    (E)  Amendment of the Pleadings: The Parties do not wish to amend the pleadings at
18    this time.

19    (F)  Evidence Preservation: The Parties agree that there is no additional evidence
20    needed with regard to Plaintiff's complaint other than the administrative record.

21    (G)  Disclosures: The Parties agree that there is no need at this time for an initial
22    exchange with respect to the Complaint since the record below, including the transcript of the
23    proceedings, contains the documents upon which the underlying decision was based and that this
24    Complaint is exempt from initial disclosure requirements under FRCP Rule 26(a)(1)(B)(i).

25    (H)  Discovery: The Parties previously agreed that discovery was limited to Defendant's
26    Counterclaim. As the Counterclaim has now been dismissed with prejudice, the Parties do not
27    anticipate further discovery.

28    (I)  Relief:

Plaintiff is seeking the following relief:

1. Independent assessments in all areas of suspected disability, including but not limited to psycho-educational and assistive technology assessments.

2. The development of a behavior support plan to address Student's attention issues related to his ADHD.

3. Compensatory education and services, including but not limited to speech and language therapy and one-to-one educational therapy.

4. Attorneys' fees and costs, pursuant to 20 U.S.C. Section 1415, for the underlying hearing and appeal, incurred in connection with the filing and prosecution of this action, according to proof.

5. For any further relief that this Court deems just and proper.

Defendant is seeking the following relief:

1. Defendant seeks a ruling from this Court affirming the decision in the underlying administrative proceeding.

2. Defendant seeks a ruling from this Court barring or reducing Plaintiff's attorney's fees on the ground that the relief finally obtained by Student at the administrative hearing was not more favorable than the District's offer of settlement.  (20 U.S.C.§ 1415(i)(3)(D)(i)(I) and (II)).

3. A reduction in an award of attorney's fees to Plaintiff based on his limited degree of success.

(J)    Settlement and ADR:  Parties met and conferred for ADR purposes on October 31, 2007. Plaintiff has requested that the parties engage in a settlement conference before a Magistrate Judge. The parties were scheduled to proceed to a mandatory settlement conference on Tuesday, March 18, 2008 before Magistrate Judge Larson; however, the settlement conference was continued due to an illness with Judge Larson. Petitioner requests that the Berkeley Unified School District Superintendent or Board of Education President be present at the settlement conference.

(K)    Magistrate Judge:  Plaintiff and Defendant both consent to the Magistrate Judge

1   Edward M. Chen.

2      (L)   <u>Narrowing of Issues</u>:  The Parties have not agreed to a narrowing of issues.

3      (M)   <u>Expedited Schedule</u>:  The Parties agree that this case may be handled on an

4   expedited basis with a streamlined process.

5      (N)   <u>Scheduling</u>:  In the event that the settlement conference is unsuccessful, Plaintiff

6   requests a briefing schedule on the cross motions for summary judgment to commence in the third

7   quarter of 2008.

8      (O)   <u>Trial</u>: The Parties agree that this case will be tried by the court.

9      (P)   Pursuant to Civil Local rule 3-16, the Parties have each filed the "Certification of

10  Interested Entities or Persons."

11       Respectfully submitted,

12  Dated: March 18, 2008    ADAMS ESQ

13

14      JEAN MURRELL ADAMS
15      Attorneys for Plaintiff,
    Kelsha Hawkins

16

17      ATKINSON, ANDELSON, LOYA, RUDD & ROMO

18

19      By:
    PETER STURGES
20      Attorney for Berkeley Unified School District

21

22

23

24

25

26

27

28