ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
5776 STONERIDGE MALL ROAD, SUITE 200
PLEASANTON, CA 94588
(925) 227-9200
FAX: (925) 227-9202

# FACSIMILE TRANSMITTAL COVER SHEET

OUR FILE NUMBER
00525 1.00176
147216V1

June 25, 2008

| TO: | COMPANY | FAX#: | PHONE |
|---|---|---|---|
| Jean Murrell Adams, Esq. | ADAMS, ESQ. | 510-832-3099 | 510-832-6000 |
| Felton Owens, Director of Student Services | Berkeley Unified School District | (510) 644-6211 | |
| Elaine M. Eger, Special Education Manager | Berkeley Unified School District | (510) 644-6211 | |

FROM:  Peter Sturges

RE:  **Hawkins v. Berkeley Unified School District - Case No. C 07-04206 EMC**

MESSAGE:  Attached please find executed Joint Case Management Statement.

ORIGINAL WILL FOLLOW BY MAIL:  -No-

NUMBER OF PAGES (including this sheet):  *11*

If you do not receive the correct number of pages,
please contact Ronnie Bohannon at (925) 251-8538.

This facsimile message is intended only for the individual or entity named above and may contain privileged and confidential information. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify this office immediately by telephone and return the original transmittal to us at the above address via the U.S. Postal Service. Thank you.

JEAN MURRELL ADAMS, Bar No. CA 138458
LAURETTE M. GARCIA, Bar No. CA 242107
ADAMS ESQ, a Professional Corp.
449 Fifteenth Street, Suite 101
Oakland, California 94612
Telephone: (510) 832-6000
Facsimile: (510) 832-3099

Attorneys for Plaintiff,
KEISHA HAWKINS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEISHA HAWKINS,

     Plaintiff,

v.

BERKELEY UNIFIED SCHOOL DISTRICT,
and DOES 1-20

     Defendants.

Case No.: C07-CV-04206-EMC

JOINT CASE MANAGEMENT
STATEMENT

TO THE HONORABLE EDWARD M. CHEN, UNITED STATES MAGISTRATE COURT
JUDGE:

Pursuant to Rule 26(f) and Local Rule 16-9, counsel for the Plaintiff and Defendant met by telephone on October 31, 2007 and November 1, 2007. The parties recently participated in a mandatory settlement conference on Tuesday, June 17, 2008 before Magistrate Judge Larson. Plaintiff, Keisha Hawkins ("Plaintiff" or "Hawkins") and Counter-Defendants Adams Esq. and Jean Murrell Adams were represented at the meeting by Jean Murrell Adams and Laurette M. Garcia; Defendant and Counter-Claimant Berkeley Unified School District was represented at the meeting by Peter Sturges. Ms. Hawkins and District representative Elaine Eger were also in

1    attendance. The parties are in the process of finalizing the settlement agreement reached at the

2    mediation.

3        (A)   Jurisdiction: Plaintiff and Defendant agree that jurisdiction for the initial Complaint

4    in this matter lies under 20 U.S.C. §1400 *et seq.*, more commonly known as the Reauthorized

5    "Individuals With Disabilities Education Act" ("IDEA"). This Court has original jurisdiction over

6    this action pursuant to 28 U.S.C. §1331 in that it arises under the IDEA. Moreover, Section

7    1415(i)(2) of Title 20 of the United States Code expressly vests this Court with jurisdiction over

8    this appeal.

9        (B)   Facts:

10   **STATEMENT OF FACTS - PLAINTIFF.** The following is Plaintiff's brief statement of

11   the facts and a statement of the principal factual issues in dispute:

12       1.    Plaintiff Keisha Hawkins is the mother of a minor child ("D.S." or

13   "Student"), a Student eligible for special education due to a Speech and Language Impairment

14   ("SLI"). D.S. has also been diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD")

15   and continues to have difficulty remaining focused and on-task.

16       2.    An IEP meeting was conducted at Craigmont Elementary School on 9/29/05

17   during Student's fifth grade year. The IEP team placed D.S. in the SDC/Learning Center for at least

18   45-90 minutes or 39% and in general education at most 70%. The 9/29/05 IEP did not provide for

19   RSP services and nowhere does that placement appear in that IEP. It is undisputed that the

20   SDC/Learning Center was language based and included daily speech and language services and

21   most of Student's goals focused on language processing.

22       3.    Plaintiff contends that she received a notice prior to the beginning of the

23   2006/2007 school year, indicating that D.S. would be placed in Ms. Wihr's class for sixth grade.

24   She enrolled Student at King on or about August 29, 2006, and at that time, he was placed in

25   Ms. Wihr's special day class ("SDC").

26       4.    Between August 29 and August 31, 2006, certain District personnel began to

27   believe that Student's SDC placement was improper. District personnel moved Student into a

28   regular education classroom (allegedly with limited RSP "push-in" support) without Hawkins' prior

ADAMS ESQ.
A Professional Corporation
est Financial District
Suite 101
Oakland CA 94612
510.272.5600

JOINT CASE MANAGEMENT STATEMENT

1   knowledge or consent.

2        5.    Hawkins first became aware of the unilateral change of placement several
3   weeks later on 9/13/06 when she went to the school for a separate incident.  At that time, Vice
4   Principal Sing gave Hawkins Student's new class schedule, which contained only regular education
5   classes and the handwritten statement, "Moved from SDC to Reg Ed."

6        6.    On October 5, 2006, Hawkins requested all of Student's records from the
7   District. Rather than produce all records as Hawkins had requested, the District queried Hawkins as
8   to the purpose of her request and then provided limited documents that *the District* believed
9   Hawkins needed.

10       7.    On October 20, 2006, Plaintiff's legal counsel requested records from the
11  District.  Again, the District failed to produce all of Student's records.

12       8.    In a November 2006 internal email to her superior Don Klose, school
13  psychologist Amy Rosenbaum inquired as to the whereabouts of Student's "change in placement
14  IEP." In fact, the District had failed to convene such an IEP and failed to allow Parent, Student's
15  SDC teacher, any general education teacher, a speech pathologist or the school psychologist to
16  participate in the decision to change his placement.

17       9.    Plaintiff contends that between the beginning of the 2006/2007 school year
18  and February 2007, Student lost educational benefits as evidenced by his disciplinary problems and
19  his barely passing grades.  His grades immediately improved in February 2007 upon being placed
20  back in Ms. Wibr's SDC class and receiving speech and language interventions.

21       10.    On or about November 1, 2006, Plaintiff requested a due process hearing
22  before the Office of Administrative Hearings alleging that the Defendant denied the minor D.S. a
23  FAPE as required by federal and state law.  Hearings were held on April 2-5 & 10, 2007.  On
24  May 18, 2007, the Office of Adimnstrative Hearings issued a decision.  The hearing officer
25  concluded that Student prevailed with respect to the following issues: (i) The District violated
26  Student's right to a FAPE by failing to conduct Student's annual IEP by September 29, 2006, and
27  for the six week delay until the District initially scheduled the Student's IEP teem meeting on
28  November 13, 2006; (ii) The District violated Student's right to a FAPE by failing to provide

ADAMS ESQ
A PROFESSIONAL CORPORATION
4407 PIEDMONT STREET
SUITE 101
OAKLAND, CA 94078
5108323000

   JOINT CASE MANAGEMENT STATEMENT

1  speech and language therapy for a period of approximately 11 weeks.

2

3  **STATEMENT OF FACTS - DEFENDANT**

4       The following is Defendant's brief statement of the facts derived from the administrative

5  hearing record and decision in the underlying administrative proceeding.

6       1.     Plaintiff Keisha Hawkins ("Hawkins") is the parent of a minor child ("Student")

7  who was born on December 26, 1993.  Student is a resident of Berkeley and currently attends

8  Martin Luther King, Jr. Middle School ("KMS") in the Berkeley Unified School District

9  ("District").  During the 2003-2004 school year, District assessed Student and found him eligible

10  for special education services due to speech and language difficulties.  District began providing

11  special education and related services to Student at this time.

12       2.     Student has unique needs in the areas of reading comprehension and math problem

13  solving due to a significant language impairment or auditory processing disorder, as well as

14  attention issues (lack of focus, disorganization and distractibility).

15       3.     An Individualized Education Plan ("IEP") meeting was conducted at District's

16  Craigmont Elementary School on September 29, 2005 during Student's fifth grade year.  The IEP

17  called for Student to be educated in a general education ("GE") classroom for up to 70% of his

18  school day, and to receive special day class ("SDC") support, in the Learning Center Support

19  Model, for at least 45 minutes per day, and up to 90 minutes per school day.  The IEP indicated

20  that 39% of Student's school day would be spent in special education, and the remainder would be

21  spent in general education.  Student received both resource specialist support and speech and

22  language therapy in the Learning Center while at Craigmont.

23       4.     In the fall of 2006, Student began attending KMS as a 6th grader.  Student's IEP of

24  September 29, 2005, was still in effect on his first day at KMS.  Due to a computer error, Student

25  was placed in a SDC classroom at KMS.  This was not consistent with Student's September 26,

26  2005 IEP, which reflected that Student's placement was to be in a GE classroom, not a SDC

27  classroom.

28       5.     Dr. Don Klose, District school psychologist and administrator, discovered this error

ADAMS ESQ
A PROFESSIONAL CORPORATION
AND PETTIGREW STREET
Suite 101
Oakland, CA 94612
510.832.0000

JOINT CASE MANAGEMENT STATEMENT

06/25/2008   WED  16:10    FAX 5108323099   ADAMS, ESQ

1  during the first two weeks of the 2006-2007 school year. Dr. Klose determined it would constitute

2  a change of placement if Student was allowed to stay in the SDC classroom. As a result, Dr. Klose

3  directed school staff to move Student into a GE classroom where he was provided with resource

4  specialist support by Susan Ryan ("Ryan").

5       6.       Student's IEP of September 25, 2005 did not specify speech and language therapy

6  as a "designated instructional service" or "DIS" because Student received these services in the

7  Learning Center.  When KMS, school staff reviewed Student's IEP, because it did not show

8  speech and language therapy as a DIS, they did not realize Student was supposed to receive speech

9  and language therapy as well as resource specialist support services.  Student, therefore, did not

10 receive speech and language therapy from District during the fall of 2006.

11      7.       Because the movement of Student to a GE classroom was not a change of

12 placement, District was not required to hold an IEP meeting and/or obtain parental consent before

13 correcting the initial, erroneous SDC placement.

14      8.       On October 5, 2006, Hawkins brought a written request for Student's records to the

15 KMS main office, which was promptly brought to the attention of Ryan. Hawkins told the KMS

16 secretary she was requesting records to provide to Student's tutor, which the secretary in turn

17 noted to Ryan.  In response, Ryan provided Hawkins with Student's September 29, 2005 IEP and

18 Student's test scores, which is what Ryan thought would be most helpful to the tutor.

19      9.       On October 20, 2006, Adams Esq. also submitted a written request to District

20 requesting Student's complete educational records.  In response, District provided a copy of

21 Student's educational records to legal counsel.  District supplemented its production of Student's

22 educational records at a mediation held on February 1, 2007.

23      10.      Dr. Amy Rosenbaum, District school psychologist, conducted a triennial psycho-

24 educational assessment of Student in or about late October or early November 2006.  Dr.

25 Rosenbaum called Hawkins to interview her as part of the assessment process, but Hawkins

26 refused to speak with her and directed Dr. Rosenbaum to call Hawkins' legal counsel. Hawkins

27 did not provide Dr. Rosenbaum with the name or telephone number of her legal counsel, however.

28 Dr. Rosenbaum conferred with Dr. Klose regarding the situation, and he informed Dr. Rosenbaum

ADAMS ESQ
A Professional Corporation
442 Taffereth Street
Suite 101
Oakland, CA 94612
510.382.0000

JOINT CASE MANAGEMENT STATEMENT

1  that the IEP was "on hold."

2  　11.　On November 1, 2006, Hawkins requested a due process hearing on Student's
3  behalf before the Office of Administrative Hearings ("OAH") alleging that District denied Student
4  a free and appropriate education ("FAPE") as required by federal and state law. The Due Process
5  Complaint ("Complaint") alleged District denied Student a FAPE by failing to conduct an annual
6  and triennial IEP meeting; failing to provide a program designed to meet Student's unique needs
7  and provide him with educational benefit; failing to permit Parent to inspect and review all of
8  Student's records; and violated Parent's procedural rights by failing to provide Parent with prior
9  written notices.　The Complaint requested extensive relief, including multiple independent
10 assessments and three hundred (300) hours of compensatory education in all areas of purported
11 need, including speech and language therapy.

12 　12.　On November 2, 2006, just one day after Adams Esq. filed the Complaint, Ryan
13 telephoned Hawkins to schedule Student's annual IEP meeting for November 13, 2007. Hawkins
14 told Ryan she could not attend the IEP meeting on November 13 because of a conflict with her
15 daughter's IEP meeting. Hawkins said she would call Ryan back to reschedule, but she did not.
16 When Ryan called Hawkins again a few days later to schedule the IEP meeting, Hawkins referred
17 Ryan to Adams Esq. Ryan then telephoned Adams Esq., who informed Ryan that neither Hawkins
18 nor counsel would attend an IEP meeting until after mediation occurred on the Complaint.

19 　13.　The District was ready to conduct Student's annual IEP team meeting no later than
20 November 13, 2006, which was about six (6) weeks after the IEP team meeting was due. The
21 District was unable to conduct the IEP team meeting for two reasons. First, Hawkins refused to
22 attend the IEP meeting on the advice of her legal counsel, Adams Esq. Second, Adams Esq.
23 unreasonably insisted that any IEP team meeting must be held after mediation of the Complaint
24 filed on November 1, 2006.

25 　14.　A due process hearing was held on April 2-5 and 10, 2007. On May 18, 2007, ALJ
26 John Thawley ("the ALJ") issued his written decision in which he concluded that District
27 prevailed on Claims 2, 4 and 5, and partially prevailed on Claims 1 and 3. He further found that
28 Student partially prevailed on Claims 1 and 3, but that District conceded at the hearing the basis of

1   the two partial claims on which Student prevailed. The ALJ found that District was correct in

2   moving Student from the erroneous KMS SDC placement to a KMS GE classroom. The ALJ also

3   found that but for a failure to provide speech and language therapy between August 31, 2006 and

4   November 13, 2006, District provided appropriate special education and related services to

5   Student.

6       15.     Regarding placement, the ALJ concluded that Student's placement in the GE KMS

7   classroom with resource specialist support "was designed to meet Student's unique needs and was

8   reasonably calculated to provide some educational benefit." He noted that Student received as

9   much resource specialist support in the fall of 2006 as he had received the previous year in the

10  Learning Center. The ALJ concluded that, but for the lack of speech and language therapy during

11  his first six weeks at KMS, Student's KMS placement was appropriate. (*Id*).

12      16.     The ALJ also found that there were four demonstrably false claims in the

13  Complaint. These were: (1) Student was not recommended for extended school year ("ESY") after

14  the 2005-2006 school year; (2) Student was exited from special education; (3) District failed to

15  present [Hawkins] with an assessment plan; and (4) [Hawkins] did not consent to the recent

16  testing. The ALJ noted that in her testimony Hawkins conceded: (1) each of Student's three IEPs

17  indicated that ESY was recommended; (2) Student was never exited from special education; (3)

18  District gave her an assessment plan, which she signed.  The ALJ found that "[Hawkins]

19  unreasonably refused to attend an IEP team meeting, and [Hawkin's] attorney unreasonably

20  insisted that any IEP team meeting must be held after mediation." As a result, the ALJ excused

21  District for not holding an IEP team meeting after November 13, 2006.

22      17.     District was required to defend against patently false claims brought against it by

23  Hawkins and Adams Esq. The false claims were alleged as part of Claim 3 on which District

24  prevailed, as well as part of Claim 2 and Claim 5 on which District prevailed.

25      18.     The ALJ awarded Student only twenty-two (22) hours of compensatory speech and

26  language services; no other relief was granted. The amount of relief obtained by Student was only a

27  miniscule portion of the three hundred (300) hours of compensatory education which Student

28  requested in his Complaint.

ADAMS ESQ
A Professional Corporation
449 Ferndale Court
Suite 101
Oakland, CA 94612
510.832.6008

JOINT CASE MANAGEMENT STATEMENT

(C)    Legal Issues:

1. Whether District denied Student a FAPE by moving him from a special day class to a general education classroom without parental knowledge or consent.

2. Whether District failed to provide Student with a program and services adequate to meet his unique needs when it failed to provide a program that conformed to the 9/29/05 IEP.

3. Whether District failed to provide Student's complete educational records to Hawkins in a timely fashion. Whether such failure, if any, infringed on her right to meaningfully participate in the decision making process, thus denying Student a FAPE.

4. Whether District was required to provide Student with Prior Written Notice regarding the following:

   a. change of Student's placement, if any, from a special day classroom to a regular education classroom;

   b. failure to hold Student's annual and triennial IEP meeting, if any on or before its 9/29/06 due date;

   c. Failures to provide Student with speech and language services, if any.

Whether such failure to provide Prior Written Notice, if required and if any, resulted in the denial of a FAPE to Student.

(D)    Motions:  Plaintiff filed a motion to dismiss Defendant's Counterclaim. By order dated On March 11, 2007, Defendant's Counterclaim was dismissed with prejudice. Plaintiff and Defendant anticipate filing cross motions for summary judgment with appropriate briefing schedules, subject to the Court's direction as to the required procedure.

(E)    Amendment of the Pleadings:  The Parties do not wish to amend the pleadings at this time.

(F)    Evidence Preservation:  The Parties agree that there is no additional evidence needed with regard to Plaintiff's complaint other than the administrative record.

(G)    Disclosures:  The Parties agree that there is no need at this time for an initial exchange with respect to the Complaint since the record below, including the transcript of the proceedings, contains the documents upon which the underlying decision was based and that this

ADAMS ESQ
A Professional Corporation
440 Periwinkle Street
Suite 101
Oakland, CA 94612
510.832.0999

JOINT CASE MANAGEMENT STATEMENT

1  Complaint is exempt from initial disclosure requirements under FRCP Rule 26(a)(1)(B)(i).

2      (H)    Discovery: The Parties previously agreed that discovery was limited to Defendant's

3  Counterclaim.  As the Counterclaim has now been dismissed with prejudice, the Parties do not

4  anticipate further discovery.

5

6      (I)    Relief:

7  Plaintiff is seeking the following relief:

8          1.  Independent assessments in all areas of suspected disability, including but not

9              limited to psycho-educational and assistive technology assessments.

10         2.  The development of a behavior support plan to address Student's attention issues

11             related to his ADHD.

12         3.  Compensatory education and services, including but not limited to speech and

13             language therapy and one-to-one educational therapy.

14         4.  Attorneys' fees and costs, pursuant to 20 U.S.C. Section 1415, for the underlying

15             hearing and appeal, incurred in connection with the filing and prosecution of this

16             action, according to proof.

17         5.  For any further relief that this Court deems just and proper.

18  Defendant is seeking the following relief:

19         1.  Defendant seeks a ruling from this Court affirming the decision in the

20             underlying administrative proceeding.

21         2.  Defendant seeks a ruling from this Court barring or reducing Plaintiff's

22             attorney's fees on the ground that the relief finally obtained by Student at the

23             administrative hearing was not more favorable than the District's offer of

24             settlement.  (20 U.S.C.§ 1415(i)(3)(D)(i)(I) and (II)).

25         3.  A reduction in an award of attorney's fees to Plaintiff based on his limited

26             degree of success.

27     (J)    Settlement and ADR:  Parties met and conferred for ADR purposes on October 31,

28  2007.  The parties participated in a mandatory settlement conference on Tuesday, June 17, 2008

JOINT CASE MANAGEMENT STATEMENT

1   before Magistrate Judge Larson whereby the parties came to an agreement in principle.  The

2   agreement provided for services to Student including the services ordered by Judge Thawley and an

3   application to this Court for attorneys' fees. It was Plaintiff's understanding that she would receive

4   a settlement agreement from the District within a few days of the settlement conference; however,

5   to date, this has yet to occur.  Plaintiff requests that this Court give the District a deadline in which

6   to provide Plaintiff with a settlement agreement.

7       (K)     Magistrate Judge: Plaintiff and Defendant both consent to the Magistrate Judge

8   Edward M. Chen.

9       (L)     Narrowing of Issues:  The Parties have not agreed to a narrowing of issues.

10      (M)     Expedited Schedule:  The Parties agree that this case may be handled on an

11  expedited basis with a streamlined process.

12      (N)     Scheduling: In the event that the parties are unable to finalize a settlement, Plaintiff

13  requests a status conference to set up a briefing schedule on the cross motions for summary

14  judgment.

15      (O)     Trial: The Parties agree that this case will be tried by the court.

16      (P)     Pursuant to Civil Local rule 3-16, the Parties have each filed the "Certification of

17  Interested Entities or Persons."

18                                  Respectfully submitted,

19  Dated: June 25, 2008           ADAMS ESQ

20

21                                  JEAN MURRELL ADAMS
                                    Attorneys for Plaintiff,
22                                  Keisha Hawkins

23                                  ATKINSON, ANDELSON, LOYA, RUDD &
24                                  ROMO

25

26  By: _____ FOR
                                    PETER STURGES
27                                  Attorney for Berkeley Unified School District

28

ADAMS ESQ .
A Professional Corporation
447 FERNSIDE STREET
# STE 101
Oakland, CA 94612
(510) 832-3000