JEAN MURRELL ADAMS, Bar No. CA 138458
LAURETTE M. GARCIA, Bar No. CA 242107
ADAMS ESQ, a Professional Corp.
449 Fifteenth Street, Suite 101
Oakland, California 94612
Telephone: (510) 832-6000
Facsimile: (510) 832-3099

Attorneys for Plaintiff,
KEISHA HAWKINS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEISHA HAWKINS,<br><br>          Plaintiff,<br><br>v.<br><br>BERKELEY UNIFIED SCHOOL DISTRICT, and DOES 1-20<br><br>          Defendants. | Case No.: C07-CV-04206-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

**TO THE HONORABLE EDWARD M. CHEN, UNITED STATES MAGISTRATE COURT JUDGE:**

      Pursuant to Rule 26(f) and Local Rule 16-9, counsel for the Plaintiff and Defendant met by telephone on October 31, 2007 and November 1, 2007. The parties participated in a mandatory settlement conference on Tuesday, June 17, 2008 before Magistrate Judge Larson. Plaintiff, Keisha Hawkins ("Plaintiff" or "Hawkins") and Counter-Defendants Adams Esq. and Jean Murrell Adams were represented at the meeting by Jean Murrell Adams and Laurette M. Garcia; Defendant and Counter-Claimant Berkeley Unified School District was represented at the meeting by Peter Sturges. Ms. Hawkins and District representative Elaine Eger were also in attendance.

ADAMS ESQ
A PROFESSIONAL CORPORATION
449 FIFTEENTH STREET
SUITE 101
OAKLAND, CA 94612
510.832.6000

JOINT CASE MANAGEMENT STATEMENT 7-29-08

(A) <u>Jurisdiction</u>: Plaintiff and Defendant agree that jurisdiction for the initial Complaint in this matter lies under 20 U.S.C. §1400 *et seq.*, more commonly known as the Reauthorized "Individuals With Disabilities Education Act" ("IDEA"). This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 in that it arises under the IDEA. Moreover, Section 1415(i)(2) of Title 20 of the United States Code expressly vests this Court with jurisdiction over this appeal.

(B) <u>Facts</u>:

**STATEMENT OF FACTS - PLAINTIFF.** The following is Plaintiff's brief statement of the facts and a statement of the principal factual issues in dispute:

1. Plaintiff Keisha Hawkins is the mother of a minor child ("D.S." or "Student"), a Student eligible for special education due to a Speech and Language Impairment ("SLI"). D.S. has also been diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD") and continues to have difficulty remaining focused and on-task.

2. An IEP meeting was conducted at Craigmont Elementary School on 9/29/05 during Student's fifth grade year. The IEP team placed D.S. in the SDC/Learning Center for at least 45-90 minutes or 39% and in general education at most 70%. The 9/29/05 IEP did not provide for RSP services and nowhere does that placement appear in that IEP. It is undisputed that the SDC/Learning Center was language based and included daily speech and language services and most of Student's goals focused on language processing.

3. Plaintiff contends that she received a notice prior to the beginning of the 2006/2007 school year, indicating that D.S. would be placed in Ms. Wihr's class for sixth grade. She enrolled Student at King on or about August 29, 2006, and at that time, he was placed in Ms. Wihr's special day class ("SDC").

4. Between August 29 and August 31, 2006, certain District personnel began to believe that Student's SDC placement was improper. District personnel moved Student into a regular education classroom (allegedly with limited RSP "push-in" support) without Hawkins' prior knowledge or consent.

5. Hawkins first became aware of the unilateral change of placement several

ADAMS ESQ
A PROFESSIONAL CORPORATION
449 FIFTEENTH STREET
SUITE 101
OAKLAND, CA 94612
510.832.6000

JOINT CASE MANAGEMENT STATEMENT 7-29-08

weeks later on 9/13/06 when she went to the school for a separate incident. At that time, Vice Principal Sing gave Hawkins Student's new class schedule, which contained only regular education classes and the handwritten statement, "Moved from SDC to Reg Ed."

6. On October 5, 2006, Hawkins requested all of Student's records from the District. Rather than produce all records as Hawkins had requested, the District queried Hawkins as to the purpose of her request and then provided limited documents that *the District* believed Hawkins needed.

7. On October 20, 2006, Plaintiff's legal counsel requested records from the District. Again, the District failed to produce all of Student's records.

8. In a November 2006 internal email to her superior Don Klose, school psychologist Amy Rosenbaum inquired as to the whereabouts of Student's "change in placement IEP." In fact, the District had failed to convene such an IEP and failed to allow Parent, Student's SDC teacher, any general education teacher, a speech pathologist or the school psychologist to participate in the decision to change his placement.

9. Plaintiff contends that between the beginning of the 2006/2007 school year and February 2007, Student lost educational benefits as evidenced by his disciplinary problems and his barely passing grades. His grades immediately improved in February 2007 upon being placed back in Ms. Wihr's SDC class and receiving speech and language interventions.

10. On or about November 1, 2006, Plaintiff requested a due process hearing before the Office of Administrative Hearings alleging that the Defendant denied the minor D.S. a FAPE as required by federal and state law. Hearings were held on April 2-5 & 10, 2007. On May 18, 2007, the Office of Adiminstrative Hearings issued a decision. The hearing officer concluded that Student prevailed with respect to the following issues: (i) The District violated Student's right to a FAPE by failing to conduct Student's annual IEP by September 29, 2006, and for the six week delay until the District initially scheduled the Student's IEP teem meeting on November 13, 2006; (ii) The District violated Student's right to a FAPE by failing to provide speech and language therapy for a period of approximately 11 weeks.

ADAMS ESQ
A PROFESSIONAL CORPORATION
449 FIFTEENTH STREET
SUITE 101
OAKLAND, CA 94612
510.832.6000

JOINT CASE MANAGEMENT STATEMENT 7-29-08

**STATEMENT OF FACTS - DEFENDANT**

The following is Defendant's brief statement of the facts derived from the administrative hearing record and decision in the underlying administrative proceeding.

1. Plaintiff Keisha Hawkins ("Hawkins") is the parent of a minor child ("Student") who was born on December 26, 1993. Student is a resident of Berkeley and currently attends Martin Luther King, Jr. Middle School ("KMS") in the Berkeley Unified School District ("District"). During the 2003-2004 school year, District assessed Student and found him eligible for special education services due to speech and language difficulties. District began providing special education and related services to Student at this time.

2. Student has unique needs in the areas of reading comprehension and math problem solving due to a significant language impairment or auditory processing disorder, as well as attention issues (lack of focus, disorganization and distractibility).

3. An Individualized Education Plan ("IEP") meeting was conducted at District's Craigmont Elementary School on September 29, 2005 during Student's fifth grade year. The IEP called for Student to be educated in a general education ("GE") classroom for up to 70% of his school day, and to receive special day class ("SDC") support, in the Learning Center Support Model, for at least 45 minutes per day, and up to 90 minutes per school day. The IEP indicated that 39% of Student's school day would be spent in special education, and the remainder would be spent in general education. Student received both resource specialist support and speech and language therapy in the Learning Center while at Craigmont.

4. In the fall of 2006, Student began attending KMS as a 6th grader. Student's IEP of September 29, 2005, was still in effect on his first day at KMS. Due to a computer error, Student was placed in a SDC classroom at KMS. This was not consistent with Student's September 26, 2005 IEP, which reflected that Student's placement was to be in a GE classroom, not a SDC classroom.

5. Dr. Don Klose, District school psychologist and administrator, discovered this error during the first two weeks of the 2006-2007 school year. Dr. Klose determined it would constitute a change of placement if Student was allowed to stay in the SDC classroom. As a result, Dr. Klose

ADAMS ESQ
A PROFESSIONAL CORPORATION
449 FIFTEENTH STREET
SUITE 101
OAKLAND, CA 94612
510.832.6000

JOINT CASE MANAGEMENT STATEMENT 7-29-08

1  directed school staff to move Student into a GE classroom where he was provided with resource
2  specialist support by Susan Ryan ("Ryan").

3      6.    Student's IEP of September 25, 2005 did not specify speech and language therapy
4  as a "designated instructional service" or "DIS" because Student received these services in the
5  Learning Center. When KMS, school staff reviewed Student's IEP, because it did not show
6  speech and language therapy as a DIS, they did not realize Student was supposed to receive speech
7  and language therapy as well as resource specialist support services. Student, therefore, did not
8  receive speech and language therapy from District during the fall of 2006.

9      7.    Because the movement of Student to a GE classroom was not a change of
10 placement, District was not required to hold an IEP meeting and/or obtain parental consent before
11 correcting the initial, erroneous SDC placement.

12     8.    On October 5, 2006, Hawkins brought a written request for Student's records to the
13 KMS main office, which was promptly brought to the attention of Ryan. Hawkins told the KMS
14 secretary she was requesting records to provide to Student's tutor, which the secretary in turn
15 noted to Ryan. In response, Ryan provided Hawkins with Student's September 29, 2005 IEP and
16 Student's test scores, which is what Ryan thought would be most helpful to the tutor.

17     9.    On October 20, 2006, Adams Esq. also submitted a written request to District
18 requesting Student's complete educational records. In response, District provided a copy of
19 Student's educational records to legal counsel. District supplemented its production of Student's
20 educational records at a mediation held on February 1, 2007.

21     10.    Dr. Amy Rosenbaum, District school psychologist, conducted a triennial psycho-
22 educational assessment of Student in or about late October or early November 2006. Dr.
23 Rosenbaum called Hawkins to interview her as part of the assessment process, but Hawkins
24 refused to speak with her and directed Dr. Rosenbaum to call Hawkins' legal counsel. Hawkins
25 did not provide Dr. Rosenbaum with the name or telephone number of her legal counsel, however.
26 Dr. Rosenbaum conferred with Dr. Klose regarding the situation, and he informed Dr. Rosenbaum
27 that the IEP was "on hold."

28     11.    On November 1, 2006, Hawkins requested a due process hearing on Student's

ADAMS ESQ
A PROFESSIONAL CORPORATION
449 FIFTEENTH STREET
SUITE 101
OAKLAND, CA 94612
510.832.6000

JOINT CASE MANAGEMENT STATEMENT 7-29-08

behalf before the Office of Administrative Hearings ("OAH") alleging that District denied Student a free and appropriate education ("FAPE") as required by federal and state law. The Due Process Complaint ("Complaint") alleged District denied Student a FAPE by failing to conduct an annual and triennial IEP meeting; failing to provide a program designed to meet Student's unique needs and provide him with educational benefit; failing to permit Parent to inspect and review all of Student's records; and violated Parent's procedural rights by failing to provide Parent with prior written notices. The Complaint requested extensive relief, including multiple independent assessments and three hundred (300) hours of compensatory education in all areas of purported need, including speech and language therapy.

12. On November 2, 2006, just one day after Adams Esq. filed the Complaint, Ryan telephoned Hawkins to schedule Student's annual IEP meeting for November 13, 2007. Hawkins told Ryan she could not attend the IEP meeting on November 13 because of a conflict with her daughter's IEP meeting. Hawkins said she would call Ryan back to reschedule, but she did not. When Ryan called Hawkins again a few days later to schedule the IEP meeting, Hawkins referred Ryan to Adams Esq. Ryan then telephoned Adams Esq., who informed Ryan that neither Hawkins nor counsel would attend an IEP meeting until after mediation occurred on the Complaint.

13. The District was ready to conduct Student's annual IEP team meeting no later than November 13, 2006, which was about six (6) weeks after the IEP team meeting was due. The District was unable to conduct the IEP team meeting for two reasons. First, Hawkins refused to attend the IEP meeting on the advice of her legal counsel, Adams Esq. Second, Adams Esq. unreasonably insisted that any IEP team meeting must be held after mediation of the Complaint filed on November 1, 2006.

14. A due process hearing was held on April 2-5 and 10, 2007. On May 18, 2007, ALJ John Thawley ("the ALJ") issued his written decision in which he concluded that District prevailed on Claims 2, 4 and 5, and partially prevailed on Claims 1 and 3. He further found that Student partially prevailed on Claims 1 and 3, but that District conceded at the hearing the basis of the two partial claims on which Student prevailed. The ALJ found that District was correct in moving Student from the erroneous KMS SDC placement to a KMS GE classroom. The ALJ also

ADAMS ESQ
A PROFESSIONAL CORPORATION
449 FIFTEENTH STREET
SUITE 101
OAKLAND, CA 94612
510.832.6000

JOINT CASE MANAGEMENT STATEMENT 7-29-08

found that but for a failure to provide speech and language therapy between August 31, 2006 and November 13, 2006, District provided appropriate special education and related services to Student.

15.  Regarding placement, the ALJ concluded that Student's placement in the GE KMS classroom with resource specialist support "was designed to meet Student's unique needs and was reasonably calculated to provide some educational benefit." He noted that Student received as much resource specialist support in the fall of 2006 as he had received the previous year in the Learning Center. The ALJ concluded that, but for the lack of speech and language therapy during his first six weeks at KMS, Student's KMS placement was appropriate. (*Id*).

16.  The ALJ also found that there were four demonstrably false claims in the Complaint. These were: (1) Student was not recommended for extended school year ("ESY") after the 2005-2006 school year; (2) Student was exited from special education; (3) District failed to present [Hawkins] with an assessment plan; and (4) [Hawkins] did not consent to the recent testing. The ALJ noted that in her testimony Hawkins conceded: (1) each of Student's three IEPs indicated that ESY was recommended; (2) Student was never exited from special education; (3) District gave her an assessment plan, which she signed. The ALJ found that "[Hawkins] unreasonably refused to attend an IEP team meeting, and [Hawkin's] attorney unreasonably insisted that any IEP team meeting must be held after mediation." As a result, the ALJ excused District for not holding an IEP team meeting after November 13, 2006.

17.  District was required to defend against patently false claims brought against it by Hawkins and Adams Esq. The false claims were alleged as part of Claim 3 on which District prevailed, as well as part of Claim 2 and Claim 5 on which District prevailed.

18.  The ALJ awarded Student only twenty-two (22) hours of compensatory speech and language services; no other relief was granted. The amount of relief obtained by Student was only a miniscule portion of the three hundred (300) hours of compensatory education which Student requested in his Complaint.

(C)  <u>Legal Issues</u>:

1. Whether District denied Student a FAPE by moving him from a special day class

ADAMS ESQ
A PROFESSIONAL CORPORATION
449 FIFTEENTH STREET
SUITE 101
OAKLAND, CA 94612
510.832.6000

JOINT CASE MANAGEMENT STATEMENT 7-29-08

1 to a general education classroom without parental knowledge or consent.

2. Whether District failed to provide Student with a program and services adequate to meet his unique needs when it failed to provide a program that conformed to the 9/29/05 IEP.

3. Whether District failed to provide Student's complete educational records to Hawkins in a timely fashion. Whether such failure, if any, infringed on her right to meaningfully participate in the decision making process, thus denying Student a FAPE.

4. Whether District was required to provide Student with Prior Written Notice regarding the following:

    a. change of Student's placement, if any, from a special day classroom to a regular education classroom;

    b. failure to hold Student's annual and triennial IEP meeting, if any on or before its 9/29/06 due date;

    c. Failures to provide Student with speech and language services, if any.

Whether such failure to provide Prior Written Notice, if required and if any, resulted in the denial of a FAPE to Student.

(D) <u>Motions</u>: Plaintiff filed a motion to dismiss Defendant's Counterclaim. By order dated On March 11, 2007, Defendant's Counterclaim was dismissed with prejudice. Plaintiff and Defendant anticipate filing cross motions for summary judgment with appropriate briefing schedules, subject to the Court's direction as to the required procedure.

(E) <u>Amendment of the Pleadings</u>: The Parties do not wish to amend the pleadings at this time.

(F) <u>Evidence Preservation</u>: The Parties agree that there is no additional evidence needed with regard to Plaintiff's complaint other than the administrative record.

(G) <u>Disclosures</u>: The Parties agree that there is no need at this time for an initial exchange with respect to the Complaint since the record below, including the transcript of the proceedings, contains the documents upon which the underlying decision was based and that this Complaint is exempt from initial disclosure requirements under FRCP Rule 26(a)(1)(B)(i).

(H) <u>Discovery</u>: The Parties previously agreed that discovery was limited to Defendant's

ADAMS ESQ
A PROFESSIONAL CORPORATION
449 FIFTEENTH STREET
SUITE 101
OAKLAND, CA 94612
510.832.6000

JOINT CASE MANAGEMENT STATEMENT 7-29-08

Counterclaim. As the Counterclaim has now been dismissed with prejudice, the Parties do not anticipate further discovery.

(I)   Relief:

Plaintiff is seeking the following relief:

1. Independent assessments in all areas of suspected disability, including but not limited to psycho-educational and assistive technology assessments.
2. The development of a behavior support plan to address Student's attention issues related to his ADHD.
3. Compensatory education and services, including but not limited to speech and language therapy and one-to-one educational therapy.
4. Attorneys' fees and costs, pursuant to 20 U.S.C. Section 1415, for the underlying hearing and appeal, incurred in connection with the filing and prosecution of this action, according to proof.
5. For any further relief that this Court deems just and proper.

Defendant is seeking the following relief:

1. Defendant seeks a ruling from this Court affirming the decision in the underlying administrative proceeding.
2. Defendant seeks a ruling from this Court barring or reducing Plaintiff's attorney's fees on the ground that the relief finally obtained by Student at the administrative hearing was not more favorable than the District's offer of settlement. (20 U.S.C.§ 1415(i)(3)(D)(i)(I) and (II)).
3. A reduction in an award of attorney's fees to Plaintiff based on his limited degree of success.

(J)   Settlement and ADR:

ADAMS ESQ
A PROFESSIONAL CORPORATION
449 FIFTEENTH STREET
SUITE 101
OAKLAND, CA 94612
510.832.6000

JOINT CASE MANAGEMENT STATEMENT 7-29-08

1   **Plaintiff's Statement:** Parties met and conferred for ADR purposes on October 31, 2007. The parties participated in a mandatory settlement conference on Tuesday, June 17, 2008 before Magistrate Judge Larson whereby the parties came to an agreement in principal. The agreement provided for services to Student including the services ordered by Judge Thawley and an application to this Court for attorneys' fees, which the parties agreed to submit to the Court. Plaintiff understood from her discussion with Judge Larson and follow-up correspondence with counsel for the District[1] that the settlement agreement would be forthcoming from the District within a few days of the settlement conference. To date, this has yet to occur. Plaintiff requests that this Court give the District a deadline in which to provide Plaintiff with a settlement agreement.

**Defendant's Statement:** Respondent disagrees with the characterization of the ADR process as presented by Petitioner. Respondent submits the following with respect to ADR issues and current case status:

The parties conducted a settlement conference in this case on June 17, 2008. At that time, the parties settled the issues presented in the case except for the issue of attorney fees, which the parties agreed to submit to the court. The parties, not just defendant, are in the process of preparing a settlement agreement. That process has taken longer than anticipated because of personnel changes and intervening vacations, etc. at the District. As of the date of this statement, defendant anticipates having a draft of the settlement agreement to plaintiff within the next five to ten business days.

---

[1] A true and correct copy of this correspondence will be provided to the Court under separate cover.

ADAMS ESQ
A PROFESSIONAL CORPORATION
449 FIFTEENTH STREET
SUITE 101
OAKLAND, CA 94612
510.832.6000

JOINT CASE MANAGEMENT STATEMENT 7-29-08

Plaintiff has made no effort on her part to draft a proposed settlement agreement, and has incorrectly assumed that this obligation somehow automatically falls upon defendant. Plaintiff is fully capable of drafting and submitting a proposed settlement to defendant, but chooses not to do so. To the extent that plaintiff is not satisfied with the process for drafting a settlement agreement, Respondent requests that that the court order plaintiff to prepare that document.

In addition, defendant understands that as the settlement involves further briefing with the court concerning claims for attorney fees, the court desires the parties to attend the case management conference for the purpose of setting a briefing schedule and process for submitting that claim. It is anticipated that once the attorney fee issue is briefed and heard by the court, and the court renders a decision on that issue, all issues presented will then have been disposed of in the case, with the exception of appeal rights on the attorney fee ruling, etc.

(K)   <u>Magistrate Judge</u>: Plaintiff and Defendant both consent to the Magistrate Judge Edward M. Chen.

(L)   <u>Narrowing of Issues</u>: The Parties have not agreed to a narrowing of issues accept as set forth above.

(M)   <u>Expedited Schedule</u>: The Parties agree that this case may be handled on an expedited basis with a streamlined process.

(N)   <u>Scheduling</u>: The parties need to obtain a briefing schedule from the Court with respect to the attorney's fee issue. In the event that the parties are unable to reach a settlement, Plaintiff requests that a briefing schedule be set during the third and fourth quarter of 2008.

ADAMS ESQ
A PROFESSIONAL CORPORATION
449 FIFTEENTH STREET
SUITE 101
OAKLAND, CA 94612
510.832.6000

JOINT CASE MANAGEMENT STATEMENT 7-29-08

1

2     (O)    Trial: The Parties agree that this case will be tried by the Court.

3

4     (P)    Pursuant to Civil Local rule 3-16, the Parties have each filed the "Certification of

5  Interested Entities or Persons."

6                                        Respectfully submitted,

7  Dated: July 30, 2008                  ADAMS ESQ

8

9                                        _____
                                         JEAN MURRELL ADAMS
10                                       Attorneys for Plaintiff,
                                         Keisha Hawkins
11

12                                       ATKINSON, ANDELSON, LOYA, RUDD &
                                         ROMO
13

14                                       By: _____
                                         PETER STURGES
15                                       Attorney for Berkeley Unified School District

16

ADAMS ESQ
A PROFESSIONAL CORPORATION
449 FIFTEENTH STREET
SUITE 101
OAKLAND, CA 94612
510.832.6000

JOINT CASE MANAGEMENT STATEMENT 7-29-08